Houston, E. & W. Tex. R'y Co. v. W. O. Harding.

(Case No. 1896.)

1. LEGAL HOLIDAY.— The statute does not require the public offices of the state to be closed on legal holidays, nor prohibit the courts from transacting business. In enumerating what is forbidden to be done on a holiday, and leaving the performance of other things discretionary, it is manifest that judicial acts, not specially prohibited, which are performed on that day, are not void.

2. SAME.— It is too late to object for the first time in the supreme court to the fact that a writ of inquiry was executed in the district court on a legal holiday, and on which writ a judgment was afterwards rendered. If the objection were good it should have been made in the court below,— to set aside the proceedings for irregularity.

APPEAL from Polk. Tried below before the Hon. Edwin Hobby.

*E. P. Turner*, for appellant, cited: R. S., art. 1184, p. 191; id. (title "Legal Holidays"), p. 409; Burrill's Law Dictionary (*Dies non Juridicus*), vol. 1, p. 490; Story *v.* Elliott, 8 Cow., 27; People *v.* Bulling, 8 Barb., 384; Butler *v.* Kelsey, 15 Johns., 179; 24 Tex., 757.

' *Hill & Corry*, for appellee, cited: R. S., arts. 1184, 1352, 2235, 2976; Criminal Code, art. 183; House Journal, February 22, 1883, March 2, 1883, April 21, 1882, March 2, 1881; Senate Journal, March 2, 1881, February 22, 1883, March 2, 1883; Sedgwick on Stat. and Const. Law, 2d ed., p. 207; Cross *v.* Everts, 28 Tex., 531; Lewis *v.* Alexander, 51 Tex., 585; Fisk *v.* Holden, 17 Tex., 408.

WILLIE, CHIEF JUSTICE.— It seems from the record in this case that the defendant below having failed to appear and answer within proper time, the court, on the 1st day of January, 1884, heard proof as to the plaintiff's demand, and on the 3d of January thereafter

rendered judgment by default against the defendant. No motion to set aside the judgment was filed below, nor was any complaint made that the amount for which it was rendered was excessive. It is claimed, however, on appeal to this court, that the judgment is void because the cause was submitted on a legal holiday, and that it is for a larger sum than was claimed in the plaintiff's petition.

By our Revised Statutes the 1st of January and other named days are declared holidays, on which all the public offices of the state may be closed; and it is further provided that they shall be treated as Sunday for all purposes regarding the presenting of notes or bills for payment or acceptance or the protest of the same. Art. 2835.

They also provide that all the exemptions and requirements usual on legal holidays may be observed on the days named. Art. 2836.

They further make provision as to what day shall be observed as a holiday when the day named in the statutes shall fall on Sunday. Art. 2837.

In addition to this they forbid the commencement of suits, or the issuance or service of any process, upon such days, with the exception of cases of suit by injunction, attachment or sequestration. Art. 1184.

It will be seen that these articles mention certain acts which are expressly forbidden to be performed on a legal holiday, and others are left within the discretion of those to whom their performance is intrusted. They declare that bills and notes shall not be presented or protested, nor shall process in ordinary suits be issued or served, nor shall the suits themselves be commenced on one of these days; but the public offices are not ordered to be closed, nor are the courts prohibited from doing business upon legal holidays. The statute further declares that the exemptions and requirements usual upon legal holidays may be observed. The word "may" as used in these articles of the statute is not equivalent to "shall," as is apparent from a reading of their language. The change of phraseology from "may" to "shall," and then again to "may," clearly evidences an intention on the part of the legislature to use the one word in a different sense from the other; to make the provisions as to notes and bills, and as to the commencement of suits and issuance and service of process, imperative, and to leave the observance of legal holidays in all other respects to the discretion of those for whose benefit the statute was enacted. Had the Revised Statutes merely declared these days to be legal holidays, without saying in what respects they might or should be observed as such, there might be some show of

.reason for contending that no judicial business could be transacted on these days.   Lampe *v.* Manning, 38 Wis., 673.

But when they enumerate what things are positively forbidden to be done on holidays, and leave all others discretionary, we can but conclude that, in reference to the latter, a holiday is not necessarily a *dies non juridicus,* and a judicial act performed on that day is not void.   Dunlap *v.* State, 9 Tex. Ct. of App., 179.

We think, therefore, that the fact that the court below received evidence upon a writ of inquiry on the 1st of January, deciding the case on the 3d of that month, does not render the judgment void.

Even if it was the privilege of the appellant to be exempt from having his cause considered on the 1st day of January, he should have claimed it before the trial occurred, or at least made a motion to set aside the proceedings for irregularity after the judgment was rendered.   We think it too late, under any circumstances, to take the objection for the first time in this court.

The judgment was evidently rendered for more than the plaintiff below was entitled to under his pleadings, but a remitter of the excess has been entered in this court.

We therefore reverse the judgment and render it for the amount adjudged below less the *remittitur,* viz., $373.20, charging the costs of the appeal to the appellee.

REVERSED AND RENDERED.

[Opinion delivered January 27, 1885.]