312, 260 S. W. 1057; Crowley v. State, 92 Tex. Cr. R. 103, 242 S. W. 472.

[4] Appellant also complains of the indictment because it alleges whisky instead of intoxicating liquor. In the case of Tucker v. State, 94 Tex. Cr. R. 505, 251 S. W. 1090, this court held in effect that where the indictment charged that the defendant did unlawfully possess liquor capable of producing intoxication for the purpose of sale, the same was sufficient, as the term "liquor" in prohibition laws has often been termed synonymous with "intoxicating liquor," and, while there was no necessity of the pleader in departing from the statutes, it was not reversible error.

[5] It has often been held that this court will take judicial knowledge of the fact that whisky is intoxicating and is intoxicating liquor. From the above, we are of the opinion that there is no reversible error in the matter complained of. We have disposed of all the matters in this case which do not involve a consideration of the statement of facts, and, as above stated, on account of same being in question and answer form, we are prohibited from considering the other matters raised.

From the record as presented to us, we are of the opinion that there are no reversible errors shown, and that the judgment of the lower court should be affirmed; and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### On Motion for Rehearing.

HAWKINS, J. [6, 7] Appellant insists we were in error in not considering the statement of facts. It appears that the court reporter incorporated in it some questions and answers, but the most of it is in narrative form. For this reason we have concluded that perhaps the statement of facts should be considered. The testimony of the officers in substance is that they arrested appellant on the streets of Port Arthur and found in his possession two quarts of whisky. He was in an automobile at the time and traveling away from the direction of his home. They immediately procured a search warrant, went to his house, and in a room found 12 more quarts of whisky. It was appellant's contention, and he so testified on the trial, that the whisky at the house did not belong to him, but belonged to a party who had registered at his rooming house that morning. This evidence was controverted by the officers, who stated that no one was registered in the room where the whisky was found, but that it was vacant. Appellant claimed that he was transporting the liquor for medicinal purposes; that he had the "flu" a short time before his arrest, and intended going hunting either in the afternoon of the day he was arrested or the next day, and was taking the whisky to use as medicine while on such hunting trip. His evidence was supported by that of his wife and to some extent by a physician.

The jury were properly instructed, if they believed appellant was transporting the whisky for medicinal purposes, or entertained a reasonable doubt therof, they should acquit. The case does not present a state of facts wherein we would be authorized to interfere with the verdict of the jury. They were not compelled to accept the testimony of appellant or his witnesses, but the facts were such as to render the truth of the defensive testimony a question solely for the jury's determination. Hawkins v. State (Tex. Cr. App.) 270 S. W. 1025; Key v. State (Tex. Cr. App.) 270 S. W. 1027; Horak v. State (Tex. Cr. App.) 273 S. W. 601.

Appellant's motion for rehearing is overruled.

---

### RIGGLE et al. v. AUTOMOBILE FINANCE CO.   (No. 8690.)

(Court of Civil Appeals of Texas. Galveston. June 10, 1925. Rehearing Denied Oct. 15, 1925.)

1. **Appeal and error ⟺530, 713(1) — Papers, evidencing proceedings after rendition of judgment, not considered on appeal.**

Papers, evidencing proceedings transpiring after rendition of judgment for recovery on note and foreclosure of mortgage on truck, are not part of proceedings leading up to judgment, should not have been included in transcript, and will not be considered on appeal.

2. **Chattel mortgages ⟺279—Party, replevying property sequestered, may be required to deliver it to plaintiff, except where it was sequestered to foreclose mortgage, in which case property must be sold to satisfy judgment.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7094, subd. 2, authorizing sequestration in a suit for title or possession of personalty, a party replevying property so seized may be required to have property delivered to plaintiff, but under subdivision 3, authorizing sequestration in foreclosure of a mortgage, a party replevying property can only be required to place it in hands of sheriff for sale to satisfy judgment.

3. **Chattel mortgages ⟺279—Statute, authorizing judgment against sureties on replevin bond for value of property sequestered, does not apply, where proceedings are to foreclose mortgage.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 7106 and 7107, providing that where defendant replevies property sequestered, judgment may be rendered against his sureties for value of property or to require property to be delivered to plaintiff do not apply, where property is sequestered on foreclosure of mortgage in view of provision that, if plaintiff recovers

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment for debt and foreclosure, property is to be sold to satisfy judgment, and in such case property need only be delivered to sheriff to be sold to satisfy lien.

**4. Chattel mortgages ⬅279 — Direction in judgment, requiring delivery of truck to sheriff for plaintiff, erroneous, where preceding paragraph directed delivery to another sheriff for sale.**

In action to foreclose a mortgage on a truck sequestered by plaintiff and replevied by defendant, a judgment, directing that, as a prerequisite to discharge of sureties, truck must be delivered to sheriff for delivery to plaintiff, was erroneous, since in a preceding paragraph it was directed that mortgage on truck be foreclosed and sold by sheriff of another county to satisfy judgment.

**5. Judgment ⬅255 — Judgment, directing delivery of truck undamaged, erroneous, where no showing of damage to truck while held under replevy bond.**

Where defendant replevied truck sequestered by plaintiff on a mortgage who recovered judgment of foreclosure, judgment, requiring truck to be returned to sheriff in undamaged condition as a prerequisite to discharge of sureties, was erroneous, since there was no showing that truck was damaged while held under replevin bond.

**6. Replevin ⬅124(2)—Sureties on replevin bond not liable for costs of suit.**

Costs cannot be taxed against sureties on replevin bond given to recover property sequestered, since liability of sureties is fixed by terms of their bond.

**7. Sales ⬅48½, New, vol. 13A Key-No. Series —Sale of truck by motor company held not to come within statute relative to sales of secondhand automobiles.**

Sale of truck by a motor company does not come within Vernon's Ann. Civ. St. Supp. 1918, art. 7012½d, relative to sale of secondhand automobiles, where it is not shown that vendor was not a dealer in automobiles, and that truck was a vehicle embraced in the act.

Error from Galveston County Court; E. B. Holman, Judge.

Suit by the Automobile Finance Company against John Riggle and others. Judgment for plaintiff, and defendants bring error. Judgment reformed and, as reformed, affirmed.

Critz & Woodward, of Coleman, for plaintiffs in error.

Terry, Cavin & Mills, of Galveston, for defendant in error.

LANE, J. This suit was brought by Automobile Finance Company, defendant in error, who will be hereinafter referred to as automobile company, and as appellee, against John Riggle to recover upon a promissory note for interest and attorney's fees as provided in said note, and for a foreclosure of a chattel mortgage on a certain Ford truck,

given by Riggle to secure payment of said note. Upon filing its petition, the automobile company sued out a writ of sequestration and had the same placed in the hands of the sheriff of Coleman county where Riggle resided and where the Ford truck was found. By authority of said sequestration, the sheriff of Galveston took possession of said truck.

In due time, Riggle, as principal, with appellants H. Burke and Cecil Gray as sureties, executed and delivered to said sheriff a replevy bond, and the sheriff returned said truck to Riggle.

On the 24th day of January, 1924, in the suit, pending in Galveston county, judgment was rendered in favor of the automobile company against John Riggle by default, for the sum of $390.87, together with 10 per cent. per annum interest thereon from date of judgment until paid, for costs of suit; and for a foreclosure of its mortgage lien against said Ford truck. The judgment rendered also recites:

"And it further appearing to the court that said automobile was on the 18th day of November, 1923, seized by the sheriff of Coleman county, Tex., under and by virtue of a writ of sequestration issued out of this court, and that the same was on November 20, 1923, delivered by the sheriff to the defendant, who thereupon executed a replevy bond with H. Burke and Cecil Gray as sureties, and that said automobile is at this time of the reasonable market value of four hundred and 00/100 dollars ($400.00), and that it is now, and at all times since the execution of said replevy bond has been in the possession of said defendant.

"It is, therefore, ordered, adjudged, and decreed by the court that plaintiff herein do have and recover of and from said defendant, and the said H. Burke and Cecil Gray, the sum of three hundred and ninety and 87/100 dollars ($390.-87), for which it may have its execution: Provided, however, that if the said defendant shall within ten (10) days from the date hereof deliver said automobile to the sheriff of Galveston county, Tex., in an undamaged condition, this judgment as to said sureties shall stand discharged."

The judgment also directs the issuance of an order of sale to the proper officer of Coleman county, or any other county where said Ford truck may be found, commanding him to seize and sell the same as under execution in satisfaction of the judgment rendered against Riggle, and that if such proceeds shall be insufficient to pay said judgment in full then and in that event he shall proceed to make such unpaid balance out of any other property of Riggle's subject to execution.

Just a few days before the expiration of six months from the time judgment was rendered, to wit, on the 8th day of July, 1924, H. Burke and Cecil Gray, sureties on said replevy bond, hereinafter called appellants, perfected their said writ of error and

thereby brought to this court, for our review and correction, the judgment rendered in so far as it affects them.

As grounds for reversal of the judgment, appellants say:

First, that the judgment rendered was erroneous in that it provides that in the event only, that Riggle shall within 10 days from the date thereof deliver said Ford truck to the sheriff of Galveston county, Tex., in an undamaged condition, such judgment as to the sureties shall stand discharged. Appellants' contention is that, as the plaintiff was not the owner of the Ford truck, but the owner only of a lien thereon, it was error for the court to require the delivery of the truck to the sheriff of Galveston county or to appellee at any place; that appellee was not entitled to the truck, but only to have it returned to the sheriff of Coleman county from whose possession it was taken by virtue of the replevy bond, that it might be sold so that the proceeds of sale or a portion thereof might be applied to the payment of the judgment rendered in appellee's favor against Riggle.

Second, that the court having awarded an order of sale for the seizure and sale of said truck by the sheriff of Coleman county to pay the judgment rendered, it was error to further require the defendants to deliver the truck within 10 days to the sheriff of Galveston county as a prerequisite to the discharge of the sureties on the bond.

Third, that it was error for the court to require the delivery of the truck in an undamaged condition as a prerequisite to the discharge of the sureties on the replevy bond, in that it appears from the petition and the judgment that said truck was a secondhand truck, and it not having been shown that it was not damaged prior to the rendition of the judgment.

Fourth, that the court erred in rendering judgment against appellants for the costs of suit, in that under the law the sureties are not liable for such costs.

Fifth, that the court erred in awarding appellee a foreclosure of its mortgage lien, in that article 7012½d Vernon's Civil Statutes Supplement of 1918, all persons, other than dealers, when they sell an automobile, are required to indorse upon his certificate of registration, a written transfer of the same, and that the purchaser thereof shall send to the highway department a notification of such transfer with the name and address in full of such purchaser, etc.; that upon the receipt of such information the department shall enter upon its books the facts of such transfer and the name and address of the purchaser, who shall be regarded as the owner thereof answerable to the provision of said act. And, in that, by article 1617¾d, and 1617¾e, of our Penal Code (Vernon's Ann. Pen. Code Supp. 1922), it is made unlawful to sell or trade any secondhand mo-

tor vehicle without transferring by indorsement of the name of the person to whom the license fee receipt was issued by the tax collector, etc., and that it shall be unlawful for any person to buy or trade for any secondhand motor vehicle, without demanding and receiving the tax collector's receipt for the license fee issued for said vehicle for the year that said vehicle is bought or traded for. And in that article 1617¾f, it is made unlawful for any person to sell, trade, or otherwise transfer any secondhand motor vehicle delivering to the purchaser a bill of sale in duplication. And in that it was not shown that the statutes mentioned had been complied with in dealing with the vehicle in question.

[1] We shall dispose of the contentions of appellants in the order named, but in doing so we shall not refer to or consider the order of sale issued by the clerk of the county court of Galveston county by virtue of the judgment rendered in this case, which was directed to the sheriff of Coleman county, the return of said sheriff on said order of sale, nor any other papers evidencing proceedings transpiring after the rendition of the judgment complained of, which have been copied into the transcript of the proceedings of the trial court. These papers are no part of the proceedings leading up to the rendition of the judgment and should not have been embraced in the transcript of such proceedings. Whether proceedings of the clerk and sheriff transpiring after the rendition of the judgment appealed from were wrongful is not a question properly before us for consideration.

Returning now to a disposition of the several contentions of appellants. Subdivision 2 of article 7094, Vernon's Sayles' Civil Statutes 1914, authorizes the issuance of writs of sequestration when one sues for title or possession of personal property and makes oath that he fears the defendant or person in possession thereof will injure, waste, or destroy the same, or remove the same out of the limits of the county during the pendency of the suit, and section 3 of said article authorizes the issuance of such writs when one sues for a foreclosure of a mortgage on personal property and makes oath that he fears the defendant or person in possession thereof will injure, waste, or destroy such property, or remove the same, etc.

By article 7099 of such statutes it is provided that such writ may be directed to the sheriff or any constable of any county wherein the property is alleged to be situated; that such writ shall command the sheriff or constable, of such county, to take possession of such property, if it be found in his county, and to keep the same subject to the future order of the judge, court, or justice of the peace who issues the writ, unless the same is replevied according to law.

By article 7103, the defendant is given the right to retain possession of the property

seized under a writ of sequestration by delivering to the officer, making such seizure, his bond, payable to the plaintiff with two or more sureties.

Article 7104 provides that the conditions of the bond mentioned in article 7103 shall be that the defendant will not remove the property out of the county, or that he will not waste, illtreat, injure, destroy, or sell or dispose of the same, and that he will have such property forthcoming to abide the decision of the court, or that he will pay the value thereof, etc., in case he shall be condemned so to do.

Note: By article 7106, it is provided that in case the suit is decided against the defendant, final judgment shall be entered against all the obligors in such bond, jointly and severally, 'for the value of the property replevied, etc.

By article 7107, it is provided that the defendant shall have the right, at any time within 10 days after rendition of the judgment to deliver to the sheriff or constable of the court, in which such judgment is rendered, the property, which he has bound himself to have forthcoming to abide the decision of the court, and the sheriff or constable to whom such possession is tendered shall receive such property, if the same had not been damaged since the replevy, and immediately deliver the same to the plaintiff, etc.

[2] It will be observed that, by subdivision 2, of article 7094, a plaintiff who sues for possession of personal property may sue out a writ of sequestration so as to have such property held and preserved to abide the decision of the court as to the plaintiff's ownership and right of possession, and that, by section 3 thereof, a plaintiff who sues for the foreclosure of a mortgage may sue out such writ so that the property alleged to be mortgaged may be seized and held, to the end that in the event a judgment is rendered establishing his debt and foreclosing his mortgage lien such mortgaged property may be sold and the proceeds of such sale, or so much thereof as is necessary, may be applied to the payment of said judgment.

It is obvious, we think, that by the authority of the section of the statute, first mentioned, one who replevies property, seized under the provisions of such section, may be required to have the specific property forthcoming, to the end that it can be delivered to the plaintiff in case judgment is rendered in his favor, but not so when one replevies property seized under the second section mentioned. In the latter case the only right the plaintiff would have would be to have the property forthcoming, that is, placed in the possession of the proper officer so that the same might be sold to satisfy the judgment rendered in his favor against the defendant. A judgment decreeing that such property be delivered to the plaintiff would be wrong. To illustrate: Suppose the judgment was for $500 and the value of the property $1,000 or more, would it not be obviously wrong to require that the property be delivered to the plaintiff in discharge of such judgment?

[3] We do not think it was the intention of the Legislature, by the enactment of articles 7106 and 7107, to authorize the rendition of judgments for the plaintiff against the defendants and their sureties for the value of the property replevied, where the cause of action is for a debt against the defendant and a foreclosure of a mortgage given on said property to secure said debt, or to require the sheriff, when the property is returned to him by the defendant to deliver the same to the plaintiff. For it is specially provided that in case judgment is rendered for the plaintiff for his debt and for a foreclosure of his mortgage on the property, an order of sale shall issue for the sale of such property to pay such judgment, if, therefore, the provisions of said articles relative to the judgment for the value of the property and the delivery of the same to the plaintiff are held to apply to mortgaged property, such articles present an absurdity. We are therefore forced to the conclusion that all that is required in cases such as the present one is that the property replevied shall be returned to the sheriff to be sold to satisfy the lien resting thereon.

The chapter of our statute relative to sequestrations is confusing and cannot be literally construed and make all parts thereof harmonize.

[4] There can be no doubt, we think, that, that paragraph of the judgment of the court which directs that, as a prerequisite to the discharge of the sureties on the replevy bond, the truck in question shall, within 10 days from date of such judgment, be delivered to the sheriff of Galveston county, is erroneous; for in a preceding paragraph of the same judgment, it was directed that the chattel mortgage on the truck be foreclosed and that an order of sale be issued to the sheriff of Coleman county, directing him to seize and sell said truck as under execution in satisfaction of the judgment rendered for the plaintiff. It is apparent that the directions to the sheriff of Coleman county to seize and sell the truck, and the requirement that the truck be delivered to the sheriff of Galveston county, could not both be complied with. We think that the judgment in the case should be governed by the decisions in Morgan v. Coleman (Tex. Civ. App.) 204 S. W. 670; Van Velzer v. Stryker (Tex. Civ. App.) 188 S. W. 723; and Ingram v. Brown (Tex. Civ. App.) 173 S. W. 524.

What we have already said disposes of appellants' first and second contentions, so we now return to a consideration of the third contention.

[5] By their third contention, appellants

contend that it was error for the court to require the truck to be delivered to the sheriff in an undamaged condition as a prerequisite to the discharge of the sureties, in that it is made to appear from the petition and judgment that said truck was a secondhand truck, and that being so shown it should be assumed that it was damaged when replevied. There is nothing, either in the petition or the judgment, to show that the truck was secondhand. It appears from the petition, we think, that Witt Motor Company, a dealer in automobiles and motor trucks, sold the truck in question to defendant Riggle, and that the plaintiff Automobile Finance Company, financed the deal, and that the note sued on was executed in part payment for the truck, and made payable directly to the Automobile Finance Company. This transaction took place on the 27th day of August, 1923, and this suit was filed and the sequestration issued on the 6th day of November, 1923. We think, however, that the court erred in requiring as a prerequisite of the discharge of the sureties, that the truck should be delivered in an undamaged condition. It might have been proper, if it had been shown that the truck was damaged while held under the replevy bond, to have required the sureties to pay such damages, as a prerequisite to their discharge, upon delivery of such truck.

[6] The contention of appellants that the court erred in taxing the costs of litigation against them is sustained. The giving of the replevy bond is but an incident to the litigation, and the extent of the sureties' liability is fixed by the terms of the bond they signed, and cannot be extended so as to impose upon them payment of costs of the litigation. Henderson v. Brown, 16 Tex. Civ. App. 464, 41 S. W. 406; Collier v. Myers, 14 Tex. Civ. App. 312, 37 S. W. 183; Rose v. Brantley (Tex. Civ. App.) 262 S. W. 194; Zimmerman v. Pearson (Tex. Civ. App.) 51 S. W. 523.

[7] This brings us to the fifth and last contention. It is not shown that there has been any violation of the provisions of either the civil or criminal statutes, relative to the sale of secondhand automobiles. Article 7012½d, Vernon's Civil Statutes Supplement 1918, cited in support of appellants' contention, that the sale of the automobile in question by the Witt Motor Company is void, has no application to such sale for two reasons: (1) It is not shown that Witt Motor Company is not a dealer in automobiles and (2) it is not shown that the truck in controversy was, when sold by Witt Motor Company, a vehicle embraced in the act referred to in said article.

The fifth contention is overruled.

Having reached the conclusions as above expressed, it becomes our duty to reform the judgment as hereinafter indicated, to wit: The judgment should recite as it does the fact of the seizure of the truck by the sheriff of Coleman county, by virtue of the writ of sequestration; the execution of the replevy bond by John Riggle and his sureties H. Burke and Cecil Gray; the delivery of the truck to Riggle by the sheriff under said bond and the value of the truck as found by the court. The judgment should decree that the Automobile Finance Company should recover against John Riggle as principal and H. Burke and Cecil Gray, sureties on his replevy bond, the sum of $390.87, together with interest thereon at the rate of 10 per cent. per annum from date of judgment. It should also decree a foreclosure of the mortgage lien on the truck described in the plaintiff's petition and for costs of suit against the defendant Riggle. It should decree an order of sale directed to the sheriff or constable of Coleman county, or any other county where said truck may be found, commanding him to seize and sell the same as under execution and to apply so much of the proceeds of such sale as is necessary to the discharge of the judgment, and to pay over any balances of such proceeds as may remain to John Riggle after deducting therefrom the costs of executing his order of sale. The judgment should provide that if said truck is not forthcoming within 10 days from the date of such judgment, as provided in the sequestration bond, and cannot be found, or if the proceeds of such sale, if made by virtue of said order of sale, are insufficient to pay the judgment, execution may be issued commanding the sheriff or constable of Coleman county, or any other county where property of the judgment debtors may be found, to make such balances of such judgment out of any property of said debtors subject to execution. Judgment should provide, however, that, if the truck is delivered under the sequestration bond within 10 days, the sureties H. Burke and Cecil Gray shall be discharged from payment of the judgment rendered.

The judgment as so reformed is affirmed.