### S. H. WOODS V. S. H. TERRELL, COMPTROLLER.

No. 4515.   Decided June 16, 1926.

(— S. W., —.)

**1.—Sunday Law—Service of Public Officers.**

Article 283, Penal Code, 1925, forbidding labor on Sunday does not relate to duties of public officers. If applicable, where such services are necessary, they are, by Article 284, excepted from the operation of Article 283. (Pp. 572-575).

**2.—Same—District Attorney—Compensation.**

The bill of a district attorney for services while attending district

court, under Article 1120, Code of Criminal Procedure of 1911, as amended by Act of March 30, 1925, Laws, 39th Leg., Ch. 173, p. 406, may properly include charges for services rendered on Sundays; and where duly authenticated by his affidavit and approved by the district judge certifying that all services rendered on Sundays for which charge was made were necessary, should be allowed and paid by the Comptroller, who is here required by mandamus so to do. (Pp. 571-575).

Original application by Woods to the Supreme Court, for writ of mandamus to Terrell, as Comptroller.

The Supreme Court referred the application of relator to the Commission of Appeals, Section B, for their opinion thereon, and here adopts same and directs issuance of the writ as recommended by the Commission.

*Arnold & Cozby,* for relator, cited: Stephens v. Porter, 69 S. W., 423; Houston, E. & W. T. Ry. Co. v. Harding, 63 Texas, 162; Rochelle v. Lane, 148 S. W., 558.

MR. JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

This is a mandamus proceeding commenced by relator, S. H. Woods, who is the District Attorney of the 79th Judicial District, composed of Starr, Hidalgo, Brooks, Jim Wells and Duval Counties, of which the Honorable Hood Boone is the District Judge. Edinburg is the county seat of Hidalgo County and Alice is the county seat of Jim Wells County, the two points being 105 miles apart. The relator resides at Alice. On the 21st of September, 1925, the regular term of the District Court for Hidalgo County convened at Edinburg and ended on the 21st of November following. Relator was in attendance upon said court from the 21st of September until the 12th of November, inclusive, acting in his official capacity as District Attorney. At the end of said term of court, relator made out his per diem account for his services so rendered for fifty-three days at $15.00 per day, aggregating $795.00, which was duly verified by the affidavit of relator and approved by the District Judge, who certifies that he finds the same correct and the attendance of the relator necessary for the number of days claimed, and "that all services rendered on Sundays and for which a charge is made were necessary." This account for $795.00 due for services as above mentioned being in all respects regular on its face was presented to the respondent as State Comptroller for payment. Payment in full was refused, $105.00 from said account being deducted; in explanation of which the relator received from the respondent the following written communication in part:

"Permit me to state in explanation that while the account

as presented calls for $795.00, I have taken the liberty of deducting the following Sunday dates:    Sept. 27th, Oct. 4th, Oct. 11th, Oct. 18th, Oct. 25th, Nov. 1st, Nov. 8th, seven days in all, amounting to $105.00.

"I am doing this on the advice of the Attorney General, who has given this department opinion to the effect that the statute does not contemplate the inclusion of Sunday dates in per diem fees of District Attorneys."

Upon the reception of this information the relator commenced this proceeding in the Supreme Court, and the matter has been referred to this Section of the Commission for disposition.

Article 1120 of Title 15 of Chapter 2 of the Code of Criminal Procedure of 1911, as amended by Chapter 127 of the Acts of the Regular Session of the 34th Legislature and by Chapter 70 of the Acts of the Regular Session of the 36th Legislature, was amended by the 39th Legislature so as to hereafter read as follows:

"In addition to the five hundred dollars now allowed them by law, district attorneys in all judicial districts composed of two counties or more shall receive from the State as pay for their services, the sum of fifteen dollars for each day they attend the session of the district court in their respective districts in the necessary discharge of their official duty, and fifteen dollars per day for each day they represent the State at examining trials, inquest proceedings and habeas corpus proceedings in vacation; said fifteen dollars per day to be paid upon the sworn account of the district attorney, approved by the district judge, who shall certify that the attendance of said district attorney for the number of days mentioned in his account was necessary, after which said account shall be recorded in the minutes of the district court.    *    *    *

"Sec. 2.    That all laws and parts of laws in conflict herewith be and the same are hereby repealed.

"Sec. 3.    The fact that many district attorneys in the State of Texas are now required to serve many days for which they receive no compensation, creates an emergency, and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said rule is hereby suspended, and this Act shall take effect and be in force from and after its passage; and it is so enacted."

The Revised Criminal Statutes of the State of Texas, 1925, contain the following Articles from the Penal Code:

"Art. 283.   Any person who shall labor, or compel, force or oblige his employes, workmen, or apprentices to labor on Sunday, or any person who shall hunt game of any kind whatsoever on Sunday within one-half mile of any church, school house, or private residence, shall be fined not less than ten nor more than fifty dollars.

"Art. 284.   The preceding article shall not apply to household duties, works of necessity or charity; nor to necessary work on farms or plantations in order to prevent the loss of any crop; nor to the running of steamboats and other water crafts, rail cars, wagon trains, common carriers, nor to the delivery of goods by them or the receiving or storing of said goods by the parties or their agents to whom said goods are delivered; nor to stages carrying the United States mail or passengers; nor to foundries, sugar mills, or herders who have a herd of stock actually gathered and under herd; nor to persons traveling; nor to ferrymen or keepers of toll bridges, keepers of hotels, boarding houses and restaurants and their servants; nor to keepers of livery stables and their servants; nor to any person who conscientiously believes that the seventh or any other day of the week ought to be observed as the Sabbath, and who actually refrains from business and labor on that day for religious reasons."

The relator submits in his application for the writ the following propositions:

"*First Proposition:*   It was the duty of the relator, S. H. Woods, as District Attorney, to attend the terms of the District Court, and to discharge the duties of his office to the best of· his ability, and to perform all such services as were necessary to be performed in order to properly discharge his said duties.   Should he fail to attend court, he would not be entitled to receive any compensation for the period of time he so failed to attend.   (R. S., Art. 327.)   Having in fact attended the session of the District Court and performed the necessary duties of his office for fifty-three days, as shown by the record in this case, and having filed his sworn account, duly approved by the District Judge, and the District Judge having certified that the attendance of said District Attorney for the number of days mentioned in said account was necessary, and said account having been recorded in the minutes of the District Court, said relator became and is entitled to his com-

pensation for said entire time at $15.00 per day, as expressly provided in Art. 1120, above cited, including the Sundays on which services were performed by him. The law does not provide that a district attorney shall not perform his necessary duties and services on Sunday, nor prohibit such performance, nor does it provide that he shall receive no compensation for the services performed on Sunday.

*"Second Proposition:* The Sunday law above cited, relating to laboring on Sunday, does not apply to the character of services required of and performed by a district attorney, in the discharge of his official duties. There is no law which prohibits a district attorney from performing his official duties on Sunday.

*"Third Proposition:* Had the Legislature intended to prohibit district attorneys from performing the official duties of their office on Sunday, or from receiving compensation for such services, such prohibition would have been set forth in said Art. 1120.

"The intent of the Legislature was not to deny such district attorneys just and proper compensation for their services, but on the contrary Sec. 3 of said Act shows clearly that it was the intent of the Legislature to make provision for payment for services rendered at the rate of $15.00 per day, for each and every day on which said services had been rendered, said section reciting: 'The fact that many district attorneys in the State of Texas are now required to serve many days for which they receive no compensation, creates an emergency   *   *   * etc.'

*"Fourth Proposition:* By the express provision of said Art. 1120, a district attorney is entitled to his compensation for each day he attends the session of the district court in the necessary discharge of his official duty. Sundays are not excepted. As to whether or not the services performed, on Sundays or on any other days, were *necessary,* is a matter which the law provides shall be determined by the *district judge,* and not by the Comptroller or any other official. In this case, the District Judge has already passed on this question, and has approved the account, and has found that the services which were performed by relator on the seven Sundays were necessary, and this finding has all the force and effect of a final judgment of a court of competent jurisdiction, and cannot now be questioned by the Comptroller or anyone else, except by a direct attack filed in said District Court to set aside said

order and judgment of the District Court, and no such direct attack has been filed.

"*Fifth Proposition:* The services performed by a district attorney do not constitute 'labor,' within the meaning of the Sunday law. If the Sunday law ever applied to the performance of such duties of office, the same has been repealed insofar as the performance of such duties and services are concerned, by Chapter 173, above cited, wherein it is provided that district attorneys shall receive as pay for their services the sum of $15.00 per day for each day they attend the session of the district court in the necessary discharge of their official duty, not excepting Sundays, and providing that all laws and parts of laws in conflict therewith are thereby repealed. This Act was no doubt intended to provide compensation to district attorneys for services necessarily performed in the discharge of their duty, on Sundays, as well as week days, the Legislature no doubt realizing that district attorneys had theretofore received no compensation for many of the days, including Sundays, on which they had been required to perform necessary services, such intent of the Legislature being evidenced by the wording of Sec. 3 of said Act, wherein it is stated:

" 'The fact that many district attorneys in the State of Texas are now required to serve many days for which they receive no compensation, creates an emergency * * *' etc.

"*Sixth Proposition:* In addition to the foregoing reasons why the Sunday law could not be held to apply to the services performed by a district attorney (Art. 283), there is a further reason, and that is that such services, which are so rendered for the benefit of the public, would constitute such "works of necessity" as are expressly excluded from the operation of Art. 283 by the provisions of Art. 284, above cited.

"Art. 1120 places the duty on the district judge to determine whether or not the services performed were *necessary,* and in this case the District Judge has found that the services were rendered on seven Sundays, as well as on the week days, and that the services were *necessary,* as shown by the record, and this finding is final and binding on the Comptroller."

It will be noted that Article 1120 as amended by the 39th Legislature, heretofore quoted, requires the account of a district attorney to be authenticated not only by the affidavit of such officer making the claim for services, but to be certified by the district judge that the attendance of the district attorney for the number of days mentioned in the account was

necessary. It will also be noted that this particular account was so authenticated, not only by the affidavit of the relator and the certificate of the District Judge mentioned in the statute, but the certificate of the judge further contains the statement that all services rendered on Sunday for which a charge was made were necessary. Evidently the statute contemplates that the district judge shall finally determine whether the services for which compensation is claimed were necessary and it having been determined in favor of the relator that the services so claimed were necessary, the question of the validity of the account is concluded. Article 283 of the Penal Code does not relate to the duties imposed by the law upon public officers. In the very nature of things, oftentimes the public interest will demand that services be rendered by officers in the ordinary discharge of their duties on Sunday, and public policy requires that where the public good demands a thing to be done and the law has pointed out the manner in which it shall be done, any time regardless of the divisions of time into days could be utilized for such purpose, in the absence of an express statute forbidding such thing to be done. Besides, many reasons present themselves naturally to the mind why Article 283 of the Penal Code was not intended to apply in a case like the present. In fact, these reasons are so numerous and so patent that it is not necessary to mention any of them. Moreover, Article 284 exempts from the operation of Article 283 works of necessity, and the certificate of the District Judge being to the effect that the services rendered on these particular days were necessary, it is our opinion that under the express provisions of Article 284 those of Article 283 are specially exempted.

We think each and every one of the propositions submitted by the relator should be sustained. Stephens v. Porter, 69 S. W., 423; Houston East & West Texas Railway Co. v. Harding, 63 Texas, 162; Rochelle v. Lane, 105 Texas, 350, 148 S. W., 558.

We recommend that the writ be awarded.

Opinion of the Commission of Appeals adopted and mandamus awarded.

*C. M. Cureton*, Chief Justice.