### ZIHLMAN et al. v. YATES.

#### No. 1118.

Court of Civil Appeals of Texas. Eastland.

May 12, 1933.†

R. C. Armstrong, Jr., of Fort Worth, for plaintiffs in error.

Garland & Reed, of Lamesa, for defendant in error.

HICKMAN, Chief Justice.

The parties will be referred to as in the trial court; E. R. Yates being plaintiff, and A. J. Zihlman and S. F. Goolsby being defendants. Plaintiff brought suit against defendant Zihlman on two promissory notes secured by chattel mortgages on certain farm implements. Goolsby was joined as a defendant upon allegations that he was setting up some kind of interest in or lien upon the mortgaged property, and foreclosure of the mortgage lien was sought as against both of the defendants. When the suit was filed, plaintiff sued out a writ of sequestration under which the sheriff took possession of the mortgaged property, but same was released to the defendant Zihlman under a replevy bond on which M. B. Harris and R. C. Armstrong, Jr., were sureties. No answer was filed by either of the defendants and judgment by default was rendered. This judgment

† Received for publication March 30, 1936.

was a personal judgment against Zihlman for $584.55, principal, interest, and attorneys' fees on the notes, together with a foreclosure, as against both defendants, of the mortgage lien. The judgment then recited the facts with reference to the sequestration and the execution of the replevy bond by Zihlman and the sureties above named, and awarded judgment against them for $563.58 (presumably the value of the replevied property as found by the court), together with costs of suit. From this judgment both Zihlman and Goolsby have perfected writs of error. The sureties were apparently satisfied with the judgment against them and have not prosecuted any appeal or writ of error therefrom.

■ There are four assignments of error in the brief, and they will be considered in their order. The first one is as follows: "The citations issued in this case for the defendants Zihlman and Goolsby are both fatally defective in that it is uncertain whether or not the writ commanded the officer to serve said defendants and each of them with a certified copy of plaintiff's petition."

Neither of the defendants resided in the county where the suit was instituted.. The statement in support of this assignment is as follows: "That part of the citation first objected to herein is as follows: 'You will deliver to the defendant A. J. Zihlman in person a true copy of this citation (together with the accompanying certified copy of the plaintiff's petition)'."

The claim seems to be that it was a fatal error in the citations to use the parentheses to inclose the direction to deliver a certified copy of plaintiff's petition to the defendant. No authority is cited in support of this contention, and we are impressed that it is wholly without merit. This is the form employed generally in citations and we think it unobjectionable.

The next assignment presents the same question as applied' to the returns of the officers on the citations, and is likewise without merit.

■ The third assignment presents that the judgment of the court is fatally defective in that the value of each article covered by the mortgage and replevy bond is not stated therein. This assignment presents no reversible error. As above noted, the sureties are not before this court, and we experience no difficulty in arriving at

the conclusion that Zihlman suffered no possible harm by this alleged defect in the judgment. By article 6853, R.S.1925, it is provided that, within ten days after the rendition of a judgment in a case where a replevy bond in sequestration has been executed, the defendant may deliver the property or any part thereof, to the sheriff; that such officer shall immediately deliver same to the plaintiff, and the defendant shall be credited by the clerk upon the judgment against him with the value of the property so returned. That article interpreted literally cannot be made to· apply to a defendant in an action to foreclose a mortgage executed by him to secure his obligation. Riggle v. Automobile Finance Co. (Tex.Civ.App.) 276 S.W. 439.

The plaintiff's right was to subject the property to a judicial sale and credit his judgment against the defendant' with the proceeds thereof, after the payment of costs. Defendant had no right to come into court and have the court value the mortgaged property and compel the plaintiff to accept same at that value and surrender his right of foreclosure and deficiency judgment. Had this property or any part thereof been delivered to the sheriff within ten days, the sheriff would not have been authorized to deliver same to the plaintiff. It did not belong to him. The only purpose, so far as defendant is concerned, for delivering the property to the sheriff, would have been to make same available for levy and sale under order of sale. No possible benefit could have been derived by the defendant, against whom a personal judgment was rendered, from having a value placed upon the property which he might thereafter deliver to the sheriff for that purpose. Had the suit been for the title and possession of the property, a different situation would have been presented. We do not pass upon the question of whether the sureties might have been damaged by this defect in the judgment, because that question is not before us for decision.

■ The fourth assignment presents that the judgment is fatally defective in that it amounts to a double recovery against Zihlman. Judgment was awarded against him, as above noted, for the principal, interest, and attorneys' fees, amounting to $584.55, with a foreclosure of the mortgage lien. The judgment then recites all the facts with reference to sequestration and replevy, and awarded recovery against Zihlman and the sureties for $563.58. This

latter provision of the judgment is in literal compliance with article 6852, R.S.1925. Of. course, plaintiff would not be entitled to enforce his judgment for $584.55 plus $563.58, but, from a consideration of the judgment as a whole, we do not believe any reformation thereof is necessary, as it discloses, we think, by a fair interpretation, that the limit of plaintiff's recovery is $584.55, and that when that amount is paid the entire judgment will be satisfied.

■ It is suggested that the judgment against the sureties on the replevy bond for costs of suit was erroneous. With this suggestion we agree. Scott v. G. W. Waldrop & Co. (Tex.Civ.App.) 8 S.W.(2d) 552. But we have no authority to correct it in that respect, for no one is affected thereby except the sureties themselves, and they are not before this court.

The judgment of the trial court will be affirmed.