## SAMUELL et al. v. AMERICAN MORTGAGE CORPORATION.

### No. 11565.

Court of Civil Appeals of Texas. Dallas.
Dec. 22, 1934.

Rehearing Denied Jan. 26, 1935.

Oritz & Woodward, of Coleman, for plaintiffs in error.

Worsham, Rollins, Burford, Ryburn & Hincks, and Logan Ford, all of Dallas, for defendant in error.

LOONEY, Justice.

The American Mortgage Corporation sued Mr. and Mrs. Howard Samuell, residents of Coleman county, Tex., on a promissory note, and to foreclose the lien of a chattel mortgage on a Packard automobile and a platinum diamond ring. Plaintiff caused the property to be seized under a writ of sequestration, issued to Coleman county, and same was re-plevied by defendants, with D. L. Snodgrass, W. D. Allen, and J. V. Thames as sureties.

The case was tried without a jury, resulting in a personal judgment against Mr. Samuell, for $1,183.16, and foreclosure as to both Mr. and Mrs. Samuell, of the mortgage lien on the property. After mentioning the execution of the replevy bond and stating the reasonable market value of the property to be $1,500, at the time it was replevied, the judgment proceeds as follows: "It is therefore ordered, adjudged and decreed that, if within ten days after the rendition of this judgment, the above described automobile and ring are not delivered, undamaged and uninjured since said replevy, to the proper officer as required by law, or if the same cannot be found, plaintiff, American Mortgage Corporation, do have and recover of the defendants, Howard Samuell and wife, Mrs. Howard Samuell, and the sureties on their bond, D. L. Snodgrass, W. D. Allen and J. V. Thames, jointly and severally, the sum of $1,183.16, with interest thereon from this date at the rate of ten per cent per annum, and said sum, if and when paid, shall be a credit upon the judgment herein rendered against the defendant, Howard Samuell, for all of which plaintiff may have its execution. And if the proceeds of the sale of said automobile and diamond ring, hereinabove described, under the order of sale are insufficient to pay the same, it is ordered, adjudged and decreed that execution issue to the proper officer, commanding him to make the balance of the sum of $1,183.16, with interest thereon at the rate of ten per cent per annum, from this date, out of the defendant Howard Samuell and the sureties, D. L. Snodgrass, W. D. Allen and J. V. Thames, as in the case of ordinary execution, it being the intention of the parties, as well as of the court, not to provide for double recovery herein."

Mrs. Samuell and the sureties on the replevy bond appealed by writ of error.

Complaint is made that the judgment, in so far as it allowed the item of $100 attorney fee, is erroneous, because not authorized by pleading. We do not deem it necessary to reproduce the pertinent allegations of the petition, but, after a careful consideration, are of opinion that the petition is sufficient, hence overrule this contention.

We also overrule the contention of appellants that the court erred in rendering judgment against Mrs. Samuell on the replevy bond. No personal judgment was rendered against her for the original debt, but she be-

came a principal on the replevy bond, and upon this obligation the court rendered judgment against her. As an incident to the right of a married woman to litigate, she is authorized to execute and bind herself on such bonds, as may, in the course of the litigation, become necessary. To hold that she could not legally execute such bonds would be to deny her the right to adequately protect her interest involved in the litigation. Chapman v. Allen, 15 Tex. 284, 285; Mitchell v. Robinson (Tex. Civ. App.) 162 S. W. 443, 447; Wandelohr v. Grayson County Nat. Bank, 102 Tex. 20, 28, 108 S. W. 1154, 112 S. W. 1046; 23 Tex. Jur. § 180, p. 216; Speer's Marital Rights (2d Ed.) 232.

The excerpt from the judgment herein set out shows that the court prescribed, as a condition precedent to the right of discharge from the judgment on the replevy bond, that within ten days after the judgment the defendant deliver to the proper officer the replevied property free of injury and damage occurring after the same was replevied.

Appellants contend that this feature of the judgment and the provision authorizing execution against them for the amount of the original debt, or any unpaid portion remaining after sale of the property under the judgment, were unauthorized, in that the provisions of article 6853, R. S., woven into the judgment, are not applicable to a proceeding of this nature. Many personal property foreclosure cases are found in the reports, involving the liability of obligors upon replevy bonds, where the courts without discussion or decision of the point assumed that the provisions of said article furnished the procedure for the discharge of obligors held liable on replevy bonds. However, the difficulty of applying these provisions to cases of the nature of the one under consideration have frequently been recognized. In Thorndale Mercantile Co. v. Continental Gin Co. (Tex. Civ. App.) 217 S. W. 1059, 1064, 1065 (writ refused), Judge Key said: "When a plaintiff sues to recover property belonging to him, and sues out a writ of sequestration, and the defendant gives a replevy bond, and the plaintiff wins his case, no difficulty may exist in applying and enforcing the statute allowing the defendant and the sureties upon his replevy bond credit upon the judgment for the value of the property, for so much as they may return under and in pursuance of article 7107 [now article 6853]; but when it is undertaken to apply that statute where the plaintiff is only a mortgagee, asserting the right to foreclose a lien, and not seeking to recover title to or possession of the property, the con-

struction to be placed upon the statute, with reference to such a case, is more difficult."

After a further discussion showing the impracticability, if not absurdity of endeavoring to apply the provisions of said article to a personal property foreclosure suit, Judge Key said: "In other words, where the plaintiff sues to foreclose a lien, and sues out a writ of sequestration in order to preserve and protect the property subject to the lien, and the defendant gives a replevy bond, the decree should be so framed as to fully protect the rights of all parties; and it seems to us that when a decree awards to the plaintiff the full amount of his debt against the defendant primarily liable, and in addition thereto awards a recovery against the obligors upon his replevy bond for the value of the personal property replevied, as fixed by the verdict of the jury, with the right of said obligors to deliver to the sheriff or constable any portion thereof, and thereby relieve themselves from liability except for the value of such portion of the property as they fail to return to the officer, in no event to exceed the plaintiff's judgment against the principal debtor, the obligors in the bond have been fully protected."

In Riggle v. Automobile Finance Co. (Tex. Civ. App.) 276 S. W. 439, 442, the Galveston court, through Judge Lane, used the following language in point:

"It will be observed that, by subdivision 2, of article 7094 [now article 6840, subd. 2], a plaintiff who sues for possession of personal property may sue out a writ of sequestration so as to have such property held and preserved to abide the decision of the court as to the plaintiff's ownership and right of possession, and that, by section 3 thereof, a plaintiff who sues for the foreclosure of a mortgage may sue out such writ so that the property alleged to be mortgaged may be seized and held, to the end that in the event a judgment is rendered establishing his debt and foreclosing his mortgage lien such mortgaged property may be sold and the proceeds of such sale, or so much thereof as is necessary, may be applied to the payment of said judgment.

"It is obvious, we think, that by the authority of the section of the statute, first mentioned, one who replevies property, seized under the provisions of such section, may be required to have the specific property forthcoming, to the end that it can be delivered to the plaintiff in case judgment is rendered in his favor, but not so when one replevies property seized under the second section mentioned. In the latter case the only right the plain-

tiff would have would be to have the property forthcoming, that is, placed in the possession of the proper officer so that the same might be sold to satisfy the judgment rendered in his favor against the defendant. A judgment decreeing that such property be delivered to the plaintiff would be wrong. To illustrate: Suppose the judgment was for $500 and the value of the property $1,000 or more, would it not be obviously wrong to require that the property be delivered to the plaintiff in discharge of such judgment?

"* * * For it is specially provided that in case judgment is rendered for the plaintiff for his debt and for a foreclosure of his mortgage on the property, an order of sale shall issue for the sale of such property to pay such judgment, if, therefore, the provisions of said articles relative to the judgment for the value of the property and the delivery of the same to the plaintiff are held to apply to mortgaged property, such articles present an absurdity. We are therefore forced to the conclusion that all that is required in cases such as the present one is that the property replevied shall be returned to the sheriff to be sold to satisfy the lien resting thereon. The chapter of our statute relative to sequestrations is confusing and cannot be literally construed and make all parts thereof harmonize."

Again, in view of the dissimilarity of instances where, under article 6840, R. S., writs of sequestrations are authorized, the dissimilarity of obligations of replevy bonds was recognized by the Amarillo court, in Karr v. Brooks (Tex. Civ. App.) 50 S.W.(2d) 1103, 1105; speaking through Judge Jackson, the court said: "Under the decisions the sureties on a replevy bond given to replevy property sequestered under subdivision 2 assume in some particulars different obligations from sureties on a replevy bond given to sequester property under subdivision 3 of said article. Quig et al. v. Mutual Investment Corporation (Tex. Civ. App.) 40 S.W.(2d) 934; Riggle v. Automobile Finance Co. (Tex. Civ. App.) 276 S. W. 439; Linn Bros. Motor Co. et al. v. Williams et al. (Tex. Civ. App.) 293 S. W. 658."

We think it obvious, in instances such as the one under consideration, where judgment on a replevy bond is rendered by a court in a county other than where the property is located or the obligors reside, that compliance with the requirement that delivery of the replevied property be made within ten days after judgment to the sheriff or constable of the court in which the judgment is rendered, as a condition precedent to the right of discharge, would, in many instances, according to the nature of the property, prove impracticable and expensive, and in others practically impossible. Article 6858, R. S., provides: "In suits for the enforcement of a mortgage or lien upon property, the defendant, should he replevy the property, shall not be required to account for the fruits, hire, revenue or rent of the same. * * *" Referring to this provision of the statute, the El Paso court, in Litchfield v. Fitzpatrick (Tex. Civ. App.) 224 S. W. 926, 928, said: "This article manifestly is intended to protect a mortgagor in whom the right of property is vested against liability for rentals, etc., until the property is sold under foreclosure." If the above is a correct statement of the law (and we believe it is), it would be contradictory to say that the statute (article 6853) requires the mortgagor to divest himself of the possession of the mortgaged property prior to its seizure by the sheriff under the foreclosure proceedings.

So we are inclined to the view that the provisions of article 6853, R. S., are inapplicable to sequestration proceedings in personal property foreclosure suits, such as the case at bar. However, we do not deem it necessary to base our decision on that idea, for, even if the article or either of its provisions is deemed applicable, we do not think a defendant is compelled to pursue the course prescribed in said article in order to satisfy the judgment upon a replevy bond, but is simply permitted to do so. We have found no case where this article was construed or even discussed in the respect just mentioned. The pertinent language is this: "Within ten days after the rendition of the judgment provided for in the preceding article, the defendant may deliver to the sheriff or constable" the sequestered property, or any part thereof, etc. The applicable rule of interpretation is this: Where the word "may" occurs in a statute, it is to be construed as merely permissive, and not as mandatory, except for the purpose of sustaining or enforcing a right—either public or private—but is never construed as mandatory for the purpose of creating a right. 5 Words and Phrases, First Series, 4418, and authorities cited; San Angelo Nat. Bank v. Fitzpatrick, 88 Tex. 216, 30 S. W. 1053, 1054; Holcomb v. Williams (Tex. Civ. App.) 194 S. W. 631, 632; Mitchell v. Hancock (Tex. Civ. App.) 196 S. W. 694, 700.

In San Angelo Nat. Bank v. Fitzpatrick, supra, Judge Gaines, speaking for the Supreme Court, said: "We are aware that the word 'may' is sometimes construed as if it were 'shall,' but it is not to be denied that

in its primary and ordinary signification it is a word of permission, and not a word of command. Before treating it as a word of command, there should be something either in the subject-matter or the context to indicate an intention that it was employed in that sense." To the same effect Judge Conner, in Mitchell v. Hancock, supra, said: "It will be conceded we feel sure that the ordinary meaning of 'shall' or 'must' is of mandatory effect, and that the ordinary meaning of 'may' is merely permissive in character. . Indeed, it has been said that the word 'may' means 'must' only in those cases where the 'third persons or the public have an interest in having the act done or have a claim de jure that the power shall be exercised. Rains v. Herring, 68 Tex. 468, 5 S. W. 369; Houston, E. & W. Ry. Co. v. Harding, 63 Tex. 162. Again, that 'before treating it (may) as a word of command, there should be something either in the subject-matter or the context to indicate an intention that it was employed in that sense.' San Angelo National Bank v. Fitzpatrick, 88 Tex. 216, 30 S. W. 1053, 1054."

So, applying this rule of construction to the case at bar, can it be said that the mortgagee had any rights that could not have been amply protected and enforced by the usual procedure of seizure and sale under an order of sale issued on the judgment? We do not think so. The mortgagee neither owned, nor was it entitled to the possession of, the property, and, even if delivery, through the instrumentality of the sheriff, had been made, as the statute provides, still, in order to divest the owner of title, the property would have had to be sold under process. Again, the authorities say that the word "may," which in its ordinary acceptation means "permission," will never be construed as mandatory for the purpose of creating a right. The conclusion, in our opinion, is inescapable that, if the word "may" in the statute under consideration is construed as mandatory, the result will be to create a right, i. e., a right in the mortgagee to the possession of the mortgaged property prior to its seizure and sale under foreclosure.

We think it must follow that, even if the provisions of article 6853 are applicable, defendant was privileged to either deliver the replevied property to the sheriff of the court rendering the judgment, within the ten-day period, or to have the same forthcoming to abide the decision of the court; i. e., amenable to seizure and sale by the sheriff under an order of sale issued on the judgment, and in either event (except as to liability for damages to the property) the judgment upon the re-plevy bond would thereby be discharged. However, if it can be correctly said that the provisions of article 6853 are applicable to a case of the nature of the one under consideration, and further that the language "may deliver" means "must deliver," as a condition precedent to the right of discharge, yet the provision of the judgment, requiring delivery of the property "undamaged and uninjured" is, in our opinion, erroneous, for even under such an interpretation a defendant would have the right to deliver the replevied property within the time mentioned, notwithstanding it may have been damaged, and by paying the amount of the damage, if any, satisfy the judgment on the replevy bond. Coward v. Sutfin (Tex. Civ. App.) 185 S. W. 378, 381. The amount of the damage may be arrived at either by agreement of the parties or by judicial ascertainment, since the courts have nullified the provision of article 6854, authorizing the sheriff or constable in such a situation to adjudge the amount of such damage. See Morgan v. Coleman (Tex. Civ. App.) 204 S. W. 670; Dupree v. State, 102 Tex. 455, 119 S. W. 301.

■ We are of the opinion that the judgment against the obligors on the replevy bond is erroneous, and, in lieu thereof, will render such judgment as we think the court below should have rendered; i. e., against the obligors on the replevy bond, principals and sureties, jointly and severally, as authorized by article 6852, R. S., for the sum of $1,500, the value of the replevied property as ascertained by the court below. The costs incident to the appeal in this and in the court below are adjudged and will be taxed against appellee. The judgment to be rendered on a replevy bond, in a situation such as is presented here, is definitely prescribed by the article of the statute just mentioned; however, its satisfaction or discharge, in our opinion, is controlled by the procedure hereinbefore outlined.

The record discloses that, before this appeal was perfected, the sheriff of Coleman county seized and sold the replevied property, under an order of sale, and credited the proceeds arising therefrom, less certain costs, on the judgment, and paid same to the plaintiff. These matters, constituting no part of the proceedings resulting in the judgment appealed from, were not considered by us in reaching our conclusions, but, as they foreshadow questions that doubtless will arise, we do not deem it inappropriate to reiterate at this point views heretofore expressed—i. e., if, as indicated, defendants neither sold, disposed of, nor removed the replevied property out of the county, but had the same forthcoming to

abide the decision of the court, i. e., accessible and subject to seizure and sale by the sheriff under process issued on the judgment (except as to the liability for damages, if any, properly ascertained and paid)—would, in our opinion, fully comply with the obligations of the replevy bond and constitute a complete satisfaction of the judgment rendered thereon.

A situation substantially the same was presented in Laseter v. Hyde (Tex. Civ. App.) 65 S.W.(2d) 388, 389, where, after being replevied, the property was surrendered to the plaintiff prior to the trial; in other words, the defendant had the property forthcoming to abide the decision of the court. Judge McClendon, speaking for the court, said: "Since the property had been turned over to the plaintiff prior to the trial, the obligation of the sureties had been discharged, except as to their liability for damages."

The judgment of the court below, based upon the replevy bond, is reformed and, as reformed as herein indicated, is affirmed, and the judgment of the court below in other respects is affirmed; costs of the appeal are taxed against appellee.

Reformed and affirmed.