SAN ANGELO NATIONAL BANK v. J. H.
FITZPATRICK ET AL.

No. 668.

1. **Amendment to Constitution—Disqualification of County Judge.**
  The intention of the recent amendment to section 16, article 5, of the Constitution, was to enlarge the power of the Legislature so as to enable it to provide for the appointment of special county judges; and not to take away the power of providing for a transfer to the District Court in cases where the county judge is disqualified...................... .................. **216**

2. **Interpretation—"May" Not Equivalent to "Shall."**
  The word *may* is sometimes construed as if it were *shall;* but it is not to be denied that in its primary and ordinary signification it is a word of permission, and not of command. Before treating it as a word of command, there should be something either in the subject matter or the context to indicate that it was employed in that sense—of command ....................... **216**

3. **Constitutional Amendment—County Judge.**
  The amended section 7, article 5, of the Constitution, provides, that the District Courts shall have "such other jurisdiction, original and appellate, as may be provided by law;" and taking section 7 and section 16 of article 5 together, we are of opinion that they should not be construed as requiring the Legislature to provide for the appointment of special judges, and to prohibit it from providing in its discretion that a case in the County Court in which the county judge should be disqualified, and in which the parties failed to agree upon a special judge, should be transferred to the District Court. It follows, that article 1139 of the Revised Statutes was not repealed by the amendment to section 16 of article 5 of the Constitution; and that prior to the amendment of said article 1139, a case in which the county judge was disqualified could legally be transferred for trial to the District Court ......... ....................................... **217**

4. **Construction of Constitution.**
  The Legislature had power to validate the transfer of cases from the County to the District Courts in which the county judges were disqualified, if such transfers had been made without authority of law...................... **217**

5. **Construction.**
  In event the amending clause in section 16 were mandatory, it seems that the former law, providing for transfer to District Courts, should be held to be in force until supplied by legislation supplying another remedy. See example ...................................................... **217**

APPLICATION for writ of error to Court of Civil Appeals for Third District, in an appeal from Tom Green County.

Suit was brought June 10, 1892, in the County Court. January, 1893, the case was transferred to the District Court, on account of disqualification of the county judge. The case was tried in May, 1893. On appeal, the judgment was affirmed by the Court of Civil Appeals. The cause of action was within the exclusive jurisdiction of the County Court.

In application for writ of error, it was complained that the Court of Civil Appeals had erred in deciding that the District Court had juris-

diction under the Constitution and laws of the State to try the case at the date of the trial.

"At the date of transfer from the County Court to said District Court, and at the time of trial in said District Court, exclusive jurisdiction to hear and determine this cause is and was, by the Constitution of the State, conferred upon the County Court of said county.

"1. Section 16 of article 5 of the Constitution, as amended in 1891, was in force at the date this cause was transferred from said County Court; and it repealed all former laws and constitutional provisions authorizing transfer of causes from County Courts to District Courts on account of disqualification of county judges.

"2. The amendment of 1891 to section 16, article 5, of the Constitution, was self-executing, and its provisions are not and can not be aided and enlarged by the Act of April 26, 1893, relating to the appointment of special judges of County Courts.

"3. If the foregoing propositions are not sustained, then applicant submits, that the question of the jurisdiction of the District Court to try this cause is to be determined by the statutes in force at date of trial, and not by statutes in force under the Constitution prior to the amendment of 1891, at date of the transfer from the County Court. At the date of trial in the District Court, May 23, 1893, the Act of April 26, 1893, relating to appointment of special judges of the County Courts, was in force.

"4. The proviso to subdivision number 4 of article number 1139c (Act of April 26, 1893, Laws 1893, p. 76), attempting to confer jurisdiction on District Courts over cases heretofore transferred from County Courts, is unconstitutional and void, because the jurisdiction of District Courts is conferred and limited by the Constitution, and can not be enlarged in respect to the case at bar by act of the Legislature.

"5. Even if said proviso be not held unconstitutional, as above contended for, then said proviso has no application to the case at bar, for the reason, that said proviso is and was intended to apply to cases only that had been lawfully transferred from County Courts to District Courts on account of disqualification of county judges under the Constitution and laws in force prior to the amendment of 1891; and the scope and extent of said proviso should be so limited by the courts, and should not be held to apply to any case transferred on account of disqualification of a county judge after the amendment of 1891 took effect."

*Joseph Spence, Jr.*, for application.—The only provision in the amended Constitution of 1891 upon which the decision of the Court of Civil Appeals can be sustained as conferring power on the Legislature to enlarge the jurisdiction of the District Court to try this case and similar cases which arose after the adoption of the amendment of 1891, is the last clause of section 8, article 5, amendment of 1891, as follows:

"And [District Courts] shall have general jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided

by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

Section 16, as amended in 1891, omitted the former provision for transfer to the District Court of causes in which the county judge was disqualified, and in lieu thereof, specially provided that a special county judge should be appointed; thus, in this respect, placing the County Courts in the same attitude as District Courts.

By the proviso to section 4 of the Act of April 26, 1893, above quoted, no jurisdiction, original or appellate, can be acquired by the District Court under the clause of section 8, above set out. Section 16 covers the entire subject matter of County Court jurisdiction.

There were doubtless many cases pending in, or on appeal from, the District Courts at the time the amendment of 1891 took effect, that had been transferred from the County Courts, and it was to such cases only that the proviso was intended to apply, and not to cases that originated in the County Courts after the amendment of 1891 took effect.

The Court of Civil Appeals, in its opinion granting appellee's motion for rehearing and reversing the judgment of the trial court, admits that "the question here presented is not free from difficulty," but that court resolves the doubt in favor of the jurisdiction of the District Court and against the contention of appellant, notwithstanding the plain constitutional provision above referred to.

GAINES, CHIEF JUSTICE.—The suit in which this application for a writ of error is made was brought in the County Court for an amount over which that court has exclusive jurisdiction. It was filed on the 10th day of June, 1892, which was after the recent amendments to the Constitution had gone into effect. The cause was continued from term to term, until, in January, 1893, it was transferred to the District Court on account of the disqualification of the county judge. On the 25th of May, 1893, it was tried in the latter court, and resulted in a judgment in favor of two of the defendants, from which judgment the applicant appealed. The Court of Civil Appeals affirmed the judgment.

As one of the grounds upon which the writ of error is sought, it is insisted in the application that the Court of Civil Appeals erred in holding that the District Court had jurisdiction to hear and determine the case. The decision of the question depends upon the construction of the recent amendments to article 5 of the Constitution, and upon the validity of the Act of April 26, 1893, amendatory of article 1139 of the Revised Statutes. The original article provided, that in case the county judge was disqualified, the cause should be transferred to the District Court. Rev. Stats., art. 1139. The Act of 1893 made it the duty of the judge presiding in the County Court, in case he was disqualified to try a cause, and in case the parties failed to agree upon a special judge, to certify the facts to the Governor; and made it the duty of the Governor thereupon to appoint a special judge to try the cause; but also contained a proviso, which reads as follows: "That

all cases heretofore transferred to the District Court from the County Court, on account of the disqualification of the county judge, shall be considered lawful, and the District Courts to which such causes have been transferred shall retain jurisdiction thereof." Laws 1893, p. 76. This act took effect from its approval, and was in operation when this case was tried in the District Court.

Two questions suggest themselves: 1. After the adoption of the amendment to section 16 of article 5 of the Constitution, was it lawful to transfer a case from the County to the District Court on account of the disqualification of the county judge? 2. Is the proviso above quoted, from the Act of April 26, 1893, valid?

Original section 16 of article 5 of the Constitution contained this provision: "Any case pending in the County Court which the county judge may be disqualified to try, shall be transferred to the District Court of the same county for trial; and when there exists any cause disqualifying a county judge for the trial of a cause of which the County Court has jurisdiction, the District Court of such county shall have original jurisdiction of such cause." The corresponding provision in the amended section 16 reads as follows: "When the judge of the County Court is disqualified in any case pending in the County Court, the parties interested may by consent appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law." Does this imperatively require the Legislature to provide for the appointment of a special judge, when the parties fail to agree upon a judge, or is it simply permissive? The question is not without difficulty, but we are of opinion that the intention of the amendment was merely to enlarge the power of the Legislature so as to enable it to provide for the appointment of a special judge, and not to take away the power of providing for a transfer to the District Court. We are aware that the word "may" is sometimes construed as if it were "shall;" but it is not to be denied, that in its primary and ordinary signification it is a word of permission, and not a word of command. Before treating it as a word of command, there should be something either in the subject matter or the context to indicate an intention that it was employed in that sense. If it had been the purpose to give the Legislature no discretion in the matter, it seems to us a term would have been employed the import of which was not doubtful, and it would have declared unmistakably that it was the duty of the Legislature to provide for the appointment of a special judge. Besides, the framers of the amendment should not have been unmindful of the fact that a time would necessarily elapse from its adoption before the Legislature could act; and it would seem, that if they had intended to take away the power previously conferred upon the District Court to try such cases when the county judge was disqualified, they would have made provision for the disposition of such causes as had already been transferred, as well as of those in

which a disqualification might arise before the Legislature could make a law for the appointment of a special judge.

The amended section 7 of article 5 of the Constitution, after conferring jurisdiction in certain specified cases upon the District Courts, provides, that they shall have "such other jurisdiction, original and appellate, as may be provided by law." This provision was not contained in the original section. The purpose of the provision was to remove the restrictions by which the Legislature had been previously embarrassed in attempting to adapt the jurisdiction of the courts to the varied wants of a growing population and to the exigencies of new conditions. Taking amended section 7 and amended section 16 together, we are of opinion that they should not be construed as requiring the Legislature to provide for the appointment of special judges, and to prohibit it from providing in their discretion that a case in the County Court in which the county judge should be disqualified, and in which the parties fail to agree upon a special judge, should be transferred to the District Court. At all events, the Legislature having so construed the amendments, and that construction not appearing clearly wrong, we think we should follow it.

We are of opinion, therefore, that the Legislature had the power under the amendments to have passed the provision for the transfer of causes contained in original article 1139 of the Revised Statutes, and that therefore that article was not repealed by the adoption of amended section 16. It follows, that the case under consideration was properly transferred to the District Court in the first instance, and that under amended article 1139 it was properly retained there for trial.

The Legislature being authorized by the amendments to require the transfer from the County to the District Court of cases in which the county judge was recused, and in which the parties had failed to agree upon the appointment of a judge to try the cause, it could validate a previous transfer, though unlawfully made, and could confer jurisdiction upon the District Court to hear and determine the cause. The language of the proviso quoted shows that such was its purpose, and it follows, that even if the case before us had been transferred without authority, the act conferred jurisdiction upon the District Court to try it.

Even if we should construe the provision in amended section 16 under consideration as mandatory, we should still be reluctant to hold that it was the purpose of its framers to leave County Court cases, in which the county judges were disqualified, without a forum in which they could be tried, until such time as the Legislature should see fit to act. In an analogous case in which provision had been made by statute for a change in the terms of the Justice Courts, it has been held, against the letter of the statute, that the Legislature did not intend to repeal the former law. Stone v. Hill, 72 Texas, 540.

We conclude, that the District Court had jurisdiction to try this case. The Court of Civil Appeals so held, basing their opinion upon

the same ground, but without elaborating the argument. The other question raised by the application was also correctly decided by the District Court and the Court of Civil Appeals.

The application for a writ of error is refused.

*Application refused.*

Delivered May 2, 1895.