**Edgar KLECK, Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF SAN ANTONIO,**
Appellee.

No. 13433.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 10, 1958.

Rehearing Denied Jan. 7, 1959.

Moursund, Ball & Bergstrom, San Antonio, for appellant.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This action against the Zoning Board of Adjustment of the City of San Antonio, appellee, is the result of the Board's rejection of appellant, Edgar Kleck's, application for a non-commercial parking lot permit made in compliance with a special exception authorized by Section 64—22 of the City Code, as amended by Ordinance No. 24276 of the City of San Antonio. On appeal to the District Court, the action of the Zoning Board of Adjustment was upheld, and Edgar Kleck has appealed to this Court.

Appellant first contends that the trial court erred in denying him a permit for a non-commercial parking lot "because Ordinance No. 24276 of the City of San Antonio is an ordinance authorizing special

exceptions and the Zoning Board of Adjustment had no discretion to deny the application," and that, in any event, it did not have authority to refuse the permit for the reasons given.

Appellant applied for a permit as an exception, as provided by ordinance, to use Lot No. 3, Block No. 17, New City Block 6707, of the City of San Antonio, as a non-commercial parking lot. The ordinance provided, in effect, that parking lots for non-commercial parking of private non-commercial motor vehicles of customers and employees may be permitted in any district established by the City Zoning Code, subject to certain restrictions which pertain to the paving, marking, parking, entrances and exits, fencing and use of such a lot. It also provides that the lot shall conform to such other conditions as the Board may deem necessary to protect the character of the district in which the lot is located. After a hearing, appellant's application for permit was denied for the following reason: "Motion made by Mr. De La Garza and seconded by Mr. Newman to deny this application for a permit to use Lot # 3, Block # 17, New City Block 6707, for non-commercial parking as required by Ordinance # 24276, because it is not in the best interests of the neighborhood and that if the request were granted, it would definitely affect the residential development. All voting in the affirmative, motion carried."

Appellant does not contend that the action of appellee in denying his permit was arbitrary, capricious or illegal, or that it was not based on substantial evidence. His contention is that appellee had no discretion to do anything other than grant his application. In other words, appellant contends that where the ordinance says park-lots for non-commercial parking *"may be permitted"* it means *"must be permitted."* We do not agree. If appellant's contention be correct, then all a person would have to do would be to make an application for a permit to establish a non-commercial parking lot in any residential zone and agree to

do the things set out in the ordinance, and the permit would be granted as a matter of right. This was not the intention of the City in enacting Ordinance No. 24276. We see no reason to hold that the words "may be permitted" mean "must be permitted." The Zoning Laws of the State of Texas are found in Articles 1011a through 1011j, Vernon's Ann.Civ.Stats. Article 1011g covers the procedure before, and the powers of, a duly established Board of Adjustment. Article 1011g reads in part as follows:

"Such local legislative body may provide for the appointment of a board of adjustment, and in the regulations and restrictions adopted pursuant to the authority of this Act may provide that the said board of adjustment may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained. * * *

"The board of adjustment shall have the following powers:

\* \* \* \* \* \*

"2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance."

It is plain from the above language of the statutes that a board of adjustment is given the right to use its discretion in granting or refusing applications for special exceptions to a zoning ordinance.

The ordinary meaning of the word "may" is merely permissive in character. Rains v. Herring, 68 Tex. 468, 5 S.W. 369; Houston, E. & W. T. Ry. Co. v. Harding, 63 Tex. 162; Mitchell v. Hancock, Tex.Civ. App., 196 S.W. 694. In Samuell v. American Mortgage Corp., Tex.Civ.App., 78 S. W.2d 1036, 1039, affirmed 130 Tex. 107, 108 S.W.2d 193, the Court said:

"Where the word 'may' occurs in a statute, it is to be construed as merely permissive, and not as mandatory, except for the purpose of sustaining or enforcing a right—either public or private—but is never construed as mandatory for the purpose of creating a right. 5 Words and Phrases, First Series, 4418, and authorities cited;[1] San Angelo Nat. Bank v. Fitzpatrick, 88 Tex. 213, 216, 30 S.W. 1053, 1054; Holcomb v. Williams (Tex.Civ.App.) 194 S.W. 631, 632; Mitchell v. Hancock, (Tex.Civ.App.) 196 S.W. 694, 700."

Before treating the word "may" as a word of command, there should be something in the ordinance to indicate an intention that it was employed in that sense. San Angelo National Bank v. Fitzpatrick, 88 Tex. 213, 30 S.W. 1053. It is clear here that the intention of the City Council in passing Ordinance No. 24276, which amended Section 64–22 of the City Code, was to give the Board of Adjustment discretion in granting or denying applications for non-commercial parking lots, subject to the limitations, conditions and restrictions set out in the ordinance. We have been cited to no case holding that a Board of Adjustment has no discretion when passing upon an application for an exception to a zoning ordinance, and we have found none.

In McQuillin on Municipal Corporations, 3rd Edition, Vol. 8, § 25.164, the following is stated:

"Under some zoning statutes exceptions are to be established by ordinance, and grounds for such an exception are facts which in the sound discretion of a zoning board call for an application of the exception. An ordinance may provide for a special use within a zoned district, where the location of the use will, in the judgment of a zoning board, substantially serve the public convenience and where it will not substantially and permanently injure the appropriate use of neighboring property."

In Zoning Law and Practice (2d Ed.) by Yokley, Vol. 1, § 133, p. 324, it is stated:

"To briefly summarize then, let us say that an *exception* is a permission given by the board, properly authorized by ordinance in specific cases, for an applicant to use his property in a manner contrary to the provisions of an ordinance, provided such use subserves the general welfare and protects community interests."

The judgment of the trial court is affirmed.

1. 26A Words and Phrases, May—In Statutes.