Opinion approved by the Court.

**GULF COAST MINERALS MANAGEMENT CORPORATION, Appellant,**

v.

**Jimmy B. MYERS, Appellee.**

No. 13889.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 21, 1962.

Rehearing Denied March 21, 1962.

King, Anderson & Porter, William R. Anderson, Jr., Corpus Christi, for appellant.

Nye, Cohn & Morris, Corpus Christi, for appellee.

POPE, Justice.

Plaintiff, Jimmy B. Myers, obtained a summary judgment. Defendant, Gulf Coast Minerals Management Corporation, on appeal insists that it should have obtained a summary judgment. The appeal concerns the meaning of a contract. During September, 1960, plaintiff, Myers, wrote a farm-out letter to Gulf Coast. The letter stated the terms by which Gulf Coast could acquire mineral rights to described property in Jim Wells County. The first paragraph of the letter stated:

"This letter when accepted by you will evidence the understanding and agreement by and between Gulf Coast Minerals Management Corp., hereinafter called 'Gulf Coast', and Jimmie B. Myers, under which agreement, Gulf Coast may earn certain rights, title and interest in and to that certain leasehold estate, hereinafter described, subject to the reservations hereafter contained, all in accordance with the following terms, to-wit:"

Those conditions by which Gulf Coast "may earn" were then detailed as (1) its payment of $500.00 upon acceptance of the letter contract, (2) payment of an additional $2,000.00 within thirty more days or when it began drilling operations, whichever was sooner, and (3) the commencement of drilling operations on the tract within sixty days. Subsequent provisions of the letter stated the terms for the drilling operations. Gulf Coast accepted the terms and paid the $500.00 but did nothing further. Plaintiff then sued for the recovery of the $2,000.00.

Whether that was owing under the contract is the sole point in the case.

Gulf Coast was under no duty to pay the $2,000.00. The contract gave it the power, if it so willed, to make that payment and commence drilling and thereby gain the rights stated in the contract. The words "may earn" were not compulsive. Instead, they were permissive, and Gulf Coast could either gain the rights or lose them, as it willed. State v. Clements, Tex.Civ.App., 319 S.W.2d 450; Kleck v. Zoning Board of Adjustment of San Antonio, Tex.Civ.App., 319 S.W.2d 406.

The judgment is accordingly reversed and rendered that plaintiff take nothing.