

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

May 15, 1969

Dr. John Kinross-Wright
Commissioner of Texas
   Department of Mental
   Health and Retardation
Box S, Capitol Station
Austin, Texas 78711

Dear Dr. Kinross-Wright:

Opinion No. M-394

Re: The legality of a state depart-
ment head's decision to with-
hold insurance premium pay-
ments from the salaries of
employees for only one insurance
company.

Reference is made to your letter in which you request an opinion from this office as to the captioned matter. We quote from your letter, in part, as follows:

"By . . . letter dated February 27, 1969, all superintendents of institutions under control and management of this Department were notified of my decision adopting the Northeastern Life Insurance Company of New York as the official insurance carrier of this Department and that this carrier would be the only insurance company to whom premium payments would be made on a payroll deduction basis. The payroll of all institutions of this Department are prepared and processed by the Central Office of the Department. My decision and action was a culmination of several weeks' study by a committee of employees appointed by me to study and report to me an insurance program which would be the best for all of the employees of our Department . . .

". . . Wherefore, your opinion and advice as to the legality of withholding insurance premium payments from the salaries of employees of this Depart-

ment and its institutions for one insurance company
only is respectfully requested."

It is noted from materials furnished by you that the Department's
proposed insurance program consists of group life, health and accident
insurance. The statutory provision regulating group life insurance for
State employees, Subsection (3) of Section 1, Article 3.50, Texas Insurance
Code, reads, in part, as follows:

"(3) A policy issued to . . . any association of
state employees . . . and any department of the state
government which employer or association shall be
deemed the policyholder to insure the employees of . . .
any such department of the state government, members
of any association of state . . .

"(b) The premium for the policy may be paid
in whole or in part from funds contributed by the policy-
holder or in whole or in part from funds contributed by
the insured employees . . . and provided further, that
the employer <u>may deduct</u> from the employee's salaries
the employee's contributions for the premiums when
authorized in writing by the respective employees so to
do . . . " (Emphasis added.)

Subsection (2), Section 1, Article 3.51 of the Texas Insurance Code
is the applicable provision relating to group health and accident insurance
for State employees. It provides, in part, as follows:

"Sec. 1(a) The State of Texas and each of its
. . . departments, agencies, associations of public em-
ployees . . . are authorized to procure contracts insur-
ing their respective employees . . . under a policy or
policies of group, health, accident, accidental death and
dismemberment, disability income replacement and hos-
pital, surgical and/or medical expense insurance . . .
The employees contributions to the premiums for such
insurance issued to the employer or to an association
of public employees as the policyholder may be de-

ducted by the employer from the employee's salaries
when authorized in writing by the respective employees
so to do.   The premium for the policy may be paid in
whole or in part from funds contributed by the employer
or in whole or in part from funds contributed by the in-
sured employees. "

When the requisites of Articles 3. 50 and 3. 51 have been met and
the state employee has consented there is no question but that the depart-
ment head has the authority to make the payroll deductions for the pay-
ment of the group insurance premiums.   Attorney General's Opinion No.
V-1374 (1951).   The question is now presented: Do Articles 3. 50 and
3. 51 of the Insurance Code allow the department head to restrict pay-
roll deductions for group insurance premium payments to only those em-
ployees having coverage with one particular insurance company?

We answer this question in the affirmative.

Articles 3. 50 and 3. 51, with regard to the payroll deduction aspect
respectively read "the employer may deduct from the employee's salaries"
and "the employee's contributions to the premiums . . . may be deducted
by the employer. " (Emphasis added. )  In discussing the meaning of "may",
the Court in Kleck v. Zoning Board Civ. of Adjustment of the City of San
Antonio, 319 S. W. 2d 406 (Tex. Civ. App. 1958, error ref. ) stated:

"The ordinary meaning of the word 'may' is
merely permissive in character . . . In Samuel v.
American Mortgage Corp. , Tex. Civ. App. , 78 S. W.
2d 1036, 1039, affirmed 130 Tex. 107, 108 S. W. 2d
193, the Court said:

'Where the word "may" occurs
in a statute, it is to be construed as mere-
ly permissive, and not as mandatory, ex-
cept for the purpose of sustaining or enforc-
ing a right -- either public or private --
but is never construed as mandatory for the
purpose of creating a right .     ' " (Em-
phasis added. )  In accord, 67 C. J. S. 401,
Officers, Sec. 113.

The two pertinent Articles, 3. 50 and 3. 51 of the Insurance Code, when read in their entirety, reflect that the making of payroll deductions for state employees in payment of group insurance premiums, is a matter within the discretion of the department head and does not create a contractual right or obligation. Statutes directed to public officers concerning modes of procedure methods, and systems are construed as discretionary only, provided no mandatory duty is imposed. 67 C. J. S. 399, Officers, Sec. 113. As was stated in Attorney General's Opinion No. V-1374 (1951), with particular reference to Article 3. 51:

> "We think it is within the discretion of each department head to decide whether and with whom he will contract for insurance covering his employees." (Emphasis added.)

To rule that it is mandatory for the department head to make payroll deductions for employee's contributions for a group insurance program, wherein an association of public employees is the policyholder, might impair the department heads' authorization to procure the best group insurance program available for his employees.

Therefore, the decision of the Texas Department of Mental Health and Mental Retardation to withhold group insurance premium payments from the salaries of its employees, when authorized by such employees, for only one insurance company, is not in violation of the applicable provisions of the Insurance Code. It is within the discretion of the department head to make such a decision. The right of a state employee to contract with any group insurance carrier and pay the necessary premiums thereto is not affected by whether the statutory payroll deduction authorization is permitted by a department head. However, once the department head has exercised his discretion and provided for the payroll deduction, certifying his payroll to the State Comptroller of Public Accounts, the latter is required to make the proper payroll deduction. Attorney General's Opinion No. V-1374, supra.

The employee is merely given an option under the statute to have payroll deductions for group coverage where his employer may authorize his participation in the group plan in such manner. The employer, who is the state department head, is the person to whom the statute is directed and in whom the discretion is given to authorize the payroll de-

duction.   The deduction is not made mandatory by statutory language calculated to effect that intent.

## S U M M A R Y

Whether to allow or disallow the payroll deductions of state employees' contributions for group insurance premiums is a matter within the discretion of the state department head.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ray McGregor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Alfred Walker
Charles Parrett
Rick Fisher
Robert Owen

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant