

# The Attorney General of Texas

July 25, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

20 Dallas Ave.. Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

John W. Holcombe, DVM
Executive Director
Texas Animal Health Commission
P. O. Box 12966
Austin, Texas    78711

Opinion No. JM-47

Re:  Authority of the Texas
Animal Health Commission to
use Form 2-71 pertaining to
inspections of livestock
moving interstate

Dear Dr. Holcombe:

You ask the following questions:

> 1. May the Texas Animal Health Commission
> provide inspections for livestock moving from
> Texas to another state?
>
> 2. May the commission use Form 2-71 for this
> purpose even though it is not mentioned in the
> statutes governing the commission?

We answer both of your questions in the affirmative.

Chapter 161 of the Agriculture Code creates and sets forth the duties and powers of the Texas Animal Health Commission. The commission is required to protect all livestock from various diseases under section 161.041 of the Agriculture Code and is empowered, _inter alia_, to promulgate rules necessary for the enforcement of its duties. Agric. Code §161.046. Section 161.048 of the code specifically permits "an agent" of the commission to stop and inspect any shipment of livestock being transported in this state. The section sets forth the following:

> (a)  An agent of the commission is entitled to
> stop and inspect a shipment of livestock or
> livestock products being transported in this state
> in order to:
>
> > (1) determine if the shipment is in
> > compliance with the laws and rules administered
> > by the commission affecting the shipment;
> >
> > (2) determine if the shipment originated
> > from a quarantined area or herd; or

(3) determine if the shipment presents a danger to the public health or livestock industry through insect infestation or through a communicable or noncommunicable disease.

(b) The commission _may_ detain a shipment of livestock or livestock products that is being transported in violation of law or a rule of the commission. The commission _may_ require that the shipment be unloaded at the nearest available loading facility.

(c) The commission may not inspect a railroad train at any point other than a terminal.

(d) The commission may post signs on public highways and use signaling devices, including red lights, in conjunction with signs, if necessary to effectively signal and stop vehicles for inspection.

(e) In this section, 'livestock product' includes hides; bones; hoofs; horns; viscera; parts of animal bodies; litter, straw, or hay used for bedding; and any other substance capable of carrying insects or a disease that may endanger the livestock industry. (Emphasis added).

See also Agric. Code §§161.041, 161.043, 161.044, 161.047.

There is no necessity for construction when a statute is expressed in unambiguous language and its meaning is clear and obvious. Trimmier v. Carlton, 264 S.W. 253, 263 (Tex. Civ. App. - Austin 1924, writ granted). See also, Gilmore v. Waples, 188 S.W. 1037, 1038 (Tex. 1916); Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968); National Life Insurance Company v. Stegall, 169 S.W.2d 155, 157 (Tex. 1943). The word "may" ordinarily connotes discretion or permission, District Grand Lodge No. 25 G.U.O. of O.F. v. Jones, 160 S.W.2d 915, 922 (Tex. 1942), and it will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in that sense. San Angelo National Bank v. Fitzpatrick, 30 S.W. 1053, 1054 (Tex. 1895). Accordingly, we construe section 161.048, Agriculture Code, to repose in the Texas Animal Health Commission discretion to stop and inspect any shipment of livestock for the reasons set forth in the statute. The commissioner's discretion to inspect is in contrast to the _mandatory_ inspection procedure established in 50 designated counties by section 146.051 _et seq._ of the Agriculture Code, which creates a county office of inspector of hides and animals.

Your second question asks whether a form adopted by the commissioner, Form 2-71, may be used for the purpose of conducting livestock inspections even though it is not mentioned in the statutes governing the commission. We conclude that it may. You have informed us that some states will accept this certification in lieu of an official health certificate issued by a veterinarian. We can find no statute, nor have you directed us to one, which requires veterinarian certification for inspections. Section 161.048 permits "an agent" of the commission to conduct inspections; there is no requirement that inspections be conducted by veterinarians. The form, which you included for our examination, need be signed only by an "inspector," and there is no requirement that he be a veterinarian. Thus, we conclude that the form which you submitted to us may be used by the commission for purposes of conducting inspections pursuant to section 161.048 of the Agriculture Code.

## S U M M A R Y

(1) The Texas Animal Health Commission may, at its discretion, conduct inspections of livestock moving from Texas to another state; it is not required to do so. (2) The Texas Animal Health Commission may employ Form 2-71 for the purpose of conducting such inspections.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
George Warner