

# The Attorney General of Texas

March 10, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Leonard H. O. Spearman
President
Texas Southern University
Houston, Texas    77004

Opinion No.  JM-8

Re:   Whether  Texas  Southern
University  must  pay  a  claim
under  the  Texas  Relocation
Assistance Program established
by article 3266b, V.T.C.S.

Dear Mr. Spearman:

In  your  recent  request  for  an  opinion  you  asked  the  following questions:

> 1.  Whether  the  Texas  Relocation  Assistance Program,  article  3266b,  V.T.C.S.,  applies  to institutions of higher education.

> 2a.  Whether  Texas  Southern  University  is obligated  to  reimburse  the  owners  of  property  it acquires  for  the  cost  of  closing  and  moving expenses under article 3266b, V.T.C.S.

> b.  Whether  payment  of  one  claim  would  require payment to all potential claimants.

> 3.  Whether  such  payments  are  subject  to  any limitation on their amounts.

Article 3266b, V.T.C.S., provides in pertinent part:

> Section  1.  When  in  the  acquisition  of  real property  for  a  program  or  project  undertaken  by any  department,  agency,  or  instrumentality  of  this State  or  of  a  political  subdivision  of  this  State it  becomes  necessary  that  any  individual,  family, property  of  a  business  concern,  farm  or  ranch operation,  or  nonprofit  organization  be  displaced, they  may  be  paid  their  moving  expenses  and relocation  payments,  provided  financial  assistance to  acquire  replacement  housing,  or  allowed  rental supplements  and  compensation  for  expenses

> incidental to the transfer of property to the State, all of which payments or expenditures are hereby declared to be an expense and cost of such property acquisition. Each department, agency, or instrumentality of this State or of a political subdivision of this State shall formulate the rules and regulations necessary to carry out the provisions of this section and shall not authorize payments or expenditures in excess of those authorized by or under the Federal Uniform Relocation Assistance of Real Property Acquisition Policies Program.
>
> . . . .
>
> Sec. 2. Each department, agency or instrumentality of this State or of a political subdivision of this State may provide a relocation advisory service for all individuals, families, business concerns, farm and ranch operations, and non profit organizations which shall be compatible with the Federal Uniform Relocation Assistance Advisory program.

The language of article 3266b makes it applicable to "any department, agency, or instrumentality of the State or of a political subdivision of the State," and institutions of higher education are agencies of the state. See Attorney General Opinions H-1116 (1978); H-365 (1974). Texas Southern University is an institution of higher education. Educ. Code §61.003(3), (4), (7). Therefore, it is subject to article 3266b.

The question of whether or not Texas Southern University is obligated to make payments under article 3266b to owners of property acquired by the university for the purpose of expanding its campus facilities depends on whether the provisions of article 3266b are mandatory or permissive in nature. Section 1 of article 3266b provides that persons whose property is acquired under those circumstances to which the statute is made applicable "may be paid" their moving and other specified expenses. Although the word "may" is sometimes construed as if it were "shall," it is ordinarily used as a word of permission, and, before treating it as a word of command, there should be something either in the subject matter or the context to indicate an intention that it be employed in that sense. San Angelo National Bank v. Fitzpatrick, 30 S.W. 1053, 1054 (Tex. 1895). To place article 3266b in context requires an examination of the history of relocation assistance legislation.

The Federal Highway Relocation Assistance Act (formerly 23 U.S.C., sections 501 thru 512) was enacted August 23, 1968, by Public Law 90-495, 82 Stat. 830-34. Public Law 90-495 provided in pertinent part:

> Section 502. Assurances of adequate relocation assistance program.
>
> The Secretary shall not approve any project under section 106 or section 117 of this title which will cause the displacement of any person, business, or farm operation unless he receives satisfactory assurances from the State highway department that --
>
> (1) fair and reasonable relocation and other payments shall be afforded to displaced persons in accordance with sections 505, 506, and 507 of this title;
>
> (2) relocation assistance programs offering the services described in section 508 of this title shall be afforded to displaced persons.

In its original form, article 3266b was enacted by the Sixty-first Legislature as article 6674n-4. Acts 1969, 61st Leg., ch. 45, at 133. The original enactment, while substantially similar to the present statute, referred only to the acquisition of rights of way for state highways. Article 6674n-4 provided in pertinent part:

> Section 1. When in the acquisition of right of the way for any highway designated by the State Highway Commission as part of the State Highway System it becomes necessary that any individual, family, property of a business concern, farm or ranch operation or non-profit organization be displaced they may be paid their moving expenses, relocation payments, be provided financial assistance to acquire replacement housing, or allowed rental supplements and compensated for expenses incidental to the transfer of property to the state all of which payments or expenditures are hereby declared to be an expense and cost of right of way acquisition. The State Highway Commission shall formulate the rules and regulations necessary to carry out the provisions of this section and shall not authorize payments or expenditures in excess of those authorized by the Federal Highway Relocation Assistance program.

> Sec. 2. The State Highway Commission shall
> provide a relocation advisory service for all
> individuals, families, business concerns, farm and
> ranch operations, and non-profit organizations
> which shall be compatible with the Federal Highway
> Relocation Advisory program.

It is clear from the structure of article 6674n-4, its repeated reference to the Federal Highway Relocation Assistance Program and the time of its enactment, that it was passed as enabling legislation to permit the State Highway Department to comply with the requirements of the Federal Highway Relocation Assistance Act in acquiring rights of way for its federally-funded projects.

The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C., sections 4601-4655, was enacted by Public Law 91-646, 84 Stat. 1894, and took effect January 2, 1971. This statute was patterned after the Federal Highway Relocation Assistance Act of 1968, above, and expanded its coverage to include all federally funded projects requiring acquisition of real property. Like the Federal Highway Relocation Assistance Act of 1968, the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 made the payment of relocation assistance mandatory for federally funded projects.

Article 6674n-4, V.T.C.S., was amended by the Sixty-second Legislature, effective August 30, 1971, to expand its coverage to include all departments, agencies, or instrumentalities of the state of Texas or any of its political subdivisions. Acts 1971, 62d Leg., ch. 918, at 2817.

These provisions were recodified in 1973, as the present article 3266b, V.T.C.S., quoted previously. Acts 1973, 63d Leg., ch. 586, at 1625.

The practical effect of the amendments leading to the present article 3266b, following as they did the enactment of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, was to expand the coverage of article 3266b to include all agencies, instrumentalities, and political subdivisions of the state, pursuant to the expansion in the scope of the Federal Relocation Assistance Program. This expansion was required for the same reason that the passage of the original article 6674n-4 was required, that is, in order to enable the affected agencies to comply with the mandatory requirements of federal relocation assistance legislation. The provision that displaced persons "may be paid" relocation assistance payments has remained a feature of all enactments on this subject commencing with article 6674n-4 and continuing to the present article 3266b. This is consistent with the legislature's evident

purpose of permitting state agencies receiving federal funds for programs which would require acquisition of real property to comply with federal requirements for such funding. It is reasonable to suppose that an intention on the part of the legislature to command the state and its agencies and subdivisions to pay very extensive relocation assistance benefits, in all cases, would have been manifested by a change from the permissive language of these enabling acts to some form of mandatory language.

It is clear that there is nothing in the subject matter or context of article 3266b to indicate that the word "may" was used in other than the permissive sense in which it is normally understood.

The answer to your question 2a, then, is that article 3266b is not a mandatory provision and does not in its own terms obligate Texas Southern University to pay relocation assistance to owners of property acquired for the purpose of expanding its campus.

In answer to your question 2b, should Texas Southern University elect to make relocation assistance payments, or be required to do so by federal law, such payments would have to be made in full compliance with the provisions of article 3266b, including that article's provisions concerning rule-making. If the university establishes a relocation advisory program either electively or in order to comply with federal law, it is consistent with the Federal Uniform Relocation Advisory Program. The university would then be required to make payments to all persons determined to be eligible under the rules thus established.

Under terms of article 3266b, agencies making relocation assistance payments are expressly forbidden to "authorize payments or expenditures in excess of those authorized by or under the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Program." In answer to your third question, then, the limit for any relocation assistance payment made under any such program in which Texas Southern University may elect to involve itself will be determined by consulting the provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, cited previously, with respect to the particular type of payment to be made.

## S U M M A R Y

Article 3266b, V.T.C.S., is by its terms applicable to institutions of higher learning. Article 3266b, V.T.C.S., is permissive and not mandatory in nature and does not of its own force obligate any department, agency, instrumentality, or political subdivision of the state to make relocation assistance payments or to provide

relocation advisory services in connection with its acquisition of real property. Should a department, agency, instrumentality, or political subdivision of the state elect to make relocation assistance payments and provide relocation advisory services under article 3266b, or should it be required to do so by federal law, such payments should be made uniformly to all persons determined to be eligible under the rules required to be made under article 3266b. The limits for relocation assistance payments to be made under article 3266b have been set by the legislature by reference to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C., sections 4601-4655, and may be determined in each case by reference to the specific provisions of that act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by William T. Palmer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
William T. Palmer