August 28, 2008

Mr. Robert Scott  
Commissioner of Education  
Texas Education Agency  
1701 North Congress Avenue  
Austin, Texas 78701-1494

Opinion No. GA-0657

Re: Whether all school districts and charter schools must offer the elective course described in Education Code section 28.011(a) in grades 9 through 12 each school year (RQ-0683-GA)

Dear Commissioner Scott:

You inquire about certain Education Code provisions adopted by House Bill 1287 of the Eightieth Legislative session.[1] *See* Act of May 23, 2007, 80th Leg., R.S., ch. 856, 2007 Tex. Gen. Laws 1791 [hereinafter Act of May 23, 2007]. House Bill 1287 adopted Education Code section 28.011, which provides for elective public school courses on the study of the Hebrew Scriptures and the New Testament, or a combined course. *See* TEX. EDUC. CODE ANN. § 28.011 (Vernon Supp. 2008), *adopted by* Act of May 23, 2007, § 1, at 1791–92. The same bill adopted Education Code subsection 28.002(a)(2)(H), which added "religious literature, including the Hebrew Scriptures (Old Testament) and New Testament," to the required enrichment curriculum. *See id.* § 28.002(a)(2)(H), *adopted by* Act of May 23, 2007, § 3, at 1792–93.

## I. Does Education Code subsection 28.002(a)(2)(H) require school districts and charter schools to offer the course described by section 28.011 each year?

You first ask whether "all school districts and charter schools [must] offer the course described in Section 28.011 each school year in grades 9 through 12." Request Letter, *supra* note 1, at 2. You inquire about charter schools as well as school districts because "[e]ach charter granted under" Education Code chapter 12 "must . . . describe the educational program to be offered, which must include the required curriculum as provided by Section 28.002," the provision describing the required curriculum that school districts must offer. TEX. EDUC. CODE ANN. § 12.111(a)(1) (Vernon 2006); *see id.* § 28.002(a) (Vernon Supp. 2008). Charter schools must accordingly offer the required state curriculum that school districts offer. We will answer your questions in terms of school districts, but these answers also apply to charter schools.

---

[1]Letter from Robert Scott, Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 19, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

Section 28.002(a) provides:

> (a)   Each school district *that offers kindergarten through grade 12 shall offer, as a required curriculum:*[2]
>
>> (1)   a foundation curriculum that includes:
>>
>>> (A)   English language arts;
>>>
>>> (B)   mathematics;
>>>
>>> (C)   science; and
>>>
>>> (D)   social studies, consisting of Texas, United States, and world history, government, and geography; and
>>
>> (2)   an enrichment curriculum that includes:
>>
>>> (A)   to the extent possible, languages other than English;
>>>
>>> (B)   health, with emphasis on the importance of proper nutrition and exercise;
>>>
>>> (C)   physical education;
>>>
>>> (D)   fine arts;
>>>
>>> (E)   economics, with emphasis on the free enterprise system and its benefits;
>>>
>>> (F)   career and technology education;
>>>
>>> (G)   technology applications; and
>>>
>>> *(H)   religious literature, including the Hebrew Scriptures (Old Testament) and New Testament, and its impact on history and literature.*

*Id.* § 28.002(a) (Vernon Supp. 2008) (emphasis added) (footnote added).

---

[2]We have found no Education Code provision or rule of the State Board of Education that defines "curriculum" for purposes of section 28.002(a). While a glossary prepared by the Texas Education Agency defines "curriculum" in general as "[t]he set of courses and content taught for a specific grade or area of study," it does not state how the curriculum identified in section 28.002(a) will be formulated as courses offered by school districts. TEXAS EDUCATION AGENCY, GLOSSARY OF TERMS, *available at* http://portals.tea.state.tx.us/page.aspx?id=170#c (last visited Aug. 26, 2008).

Section 28.002(a) sets out the overall subject matter to be offered by school districts, but the State Board of Education (the "Board") and the Texas Education Agency[3] (the "TEA") decide when and how curriculum subject matter will be offered to students in the public schools. For example, section 28.002(a) provides that "[e]ach school district that offers kindergarten through grade 12 shall offer, as a required curriculum" the foundation and enrichment subjects. *Id.* The same statutory curriculum requirements thus apply from kindergarten through grade 12, but instruction in those subjects must be tailored to the age of the students receiving instruction. *See* Request Letter, *supra* note 1, at 3 n.12; 19 TEX. ADMIN. CODE § 74.2 (2008) (Tex. Educ. Agency, Description of a Required Elementary Curriculum). Section 28.002(a) cannot be said to establish classroom-ready "courses," because the "course" method is not typical of instruction at the elementary school level. *See* Request Letter, *supra* note 1, at 3 n.12. Other Education Code provisions address some of the additional steps necessary to developing the classes and courses that will be offered in the schools in order to achieve the curriculum mandates.

The Board must adopt rules to carry out the curriculum requirements of section 28.002 and to implement chapter 28, subchapter A. *See* TEX. EDUC. CODE ANN. §§ 7.102(11) (Vernon 2006), 28.001–.014 (Vernon 2006 & Supp. 2008). In addition, the Board, with the participation of educators, parents, business and industry representatives, and employers, is required to adopt rules identifying the essential knowledge and skills (the "Texas Essential Knowledge and Skills" or "TEKS")[4] for each subject of the required curriculum at appropriate grade levels. *See id.* § 28.002(c) (Vernon Supp. 2008); *see also* Request Letter, *supra* note 1, at 3 n.12. We note that "[a]s a condition of accreditation, the board shall require each district to provide *instruction* in the essential knowledge and skills at appropriate grade levels." TEX. EDUC. CODE ANN. § 28.002(c) (Vernon Supp. 2008) (emphasis added). Significantly, this provision requires school districts to provide "instruction," not "courses," in the essential knowledge and skills identified for each required curriculum subject.

While section 28.002(a) does not use the word "course" or expressly identify courses that school districts must offer in the required curriculum, other Education Code provisions identify course requirements. Section 28.025(a) provides for graduation requirements, stating that the Board "by rule shall determine curriculum requirements for the minimum, recommended, and advanced high school programs that are consistent with the required curriculum under Section 28.002." *Id.* § 28.025(a). But section 28.025(b-1) limits this authority, stating that the Board "by rule shall require that . . . the curriculum requirements for the recommended and advanced high school programs under Subsection (a) include a requirement that students successfully complete four

---

[3]The Board is established by the Legislature pursuant to constitutional mandate, and its duties are set out in the Education Code. *See* TEX. CONST. art. VII, § 8; *see also, e.g.*, TEX. EDUC. CODE ANN. §§ 7.101 (election of Board members), 7.102 (Board's powers and duties) (Vernon 2006). The Texas Education Agency is the administrative unit for primary and secondary public education. *See* TEXAS EDUCATION AGENCY, MISSION & RESPONSIBILITIES, *available at* http://www.tea.state.tx.us/tea/agencymissionandroles.html (last visited Aug. 26, 2008); *see also* TEX. EDUC. CODE ANN. § 7.021 (Vernon 2006) (setting out TEA's powers and duties). The commissioner of education serves as executive officer of TEA and as executive secretary of the Board and carries out powers and duties stated in the Education Code. *See* TEX. EDUC. CODE ANN. § 7.055 (Vernon 2006).

[4]*See* 19 TEX. ADMIN. CODE § 74.4(a)(1) (2008) (Tex. Educ. Agency, Curriculum Requirements, English Language Proficiency Standards).

courses in *each subject of the foundation curriculum.*" *Id.* § 28.025(b-1) (emphasis added). Thus, the Legislature knows how to require high schools to offer specific courses in the required foundation curriculum, because it did so in section 28.025(b-1). *See Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 859 (Tex. 2002) (stating that the Legislature knows how to adopt a specific kind of statute and citing a statute that exemplifies the Legislature's knowledge). Section 28.025(a) does not, however, mandate Board rules requiring that high schools offer a specific course or courses in the required enrichment curriculum. *See* TEX. EDUC. CODE ANN. § 28.025(a) (Vernon Supp. 2008). Thus, the Board may exercise its reasonable discretion in adopting rules for graduation requirements in the enrichment curriculum. The Board has in fact adopted high school graduation requirements that in general require students to earn credit in the enrichment curriculum subjects. *See* 19 TEX. ADMIN. CODE § 74.12 (2008) (Tex. Educ. Agency, Recommended High School Program). But you inform us that the recommended high school graduation program does not require courses in career and technology for graduation, a subject in the required enrichment curriculum. *See* Request Letter, *supra* note 1, at 3 n.12; *see also* TEX. EDUC. CODE ANN. § 28.002(a)(2)(F) (Vernon Supp. 2008) (including career and technology education in the required enrichment curriculum).

Provisions relating to specific courses in foundation curriculum subjects are also found in chapter 39 of the Education Code, which requires the creation and implementation of a statewide assessment program. *See* TEX. EDUC. CODE ANN. § 39.022 (Vernon 2006). Section 39.023(c) requires the TEA to "adopt end-of-course assessment instruments for secondary-level courses in Algebra I, Algebra II, geometry, biology, chemistry, physics, English I, English II, English III, world geography, world history, and United States history," all of which are courses in the foundation curriculum. *Id.* § 39.023(c) (Vernon Supp. 2008); *see id.* § 28.002(a)(1)(A)–(D) (foundation curriculum consists of English language arts, mathematics, science, and social studies). Chapter 39 does not include any such specific references to courses in the enrichment curriculum. *See generally id.* ch. 39 (Vernon 2006 & Supp. 2008).

When section 28.002(a)(2) is viewed in relation to other Education Code provisions, it becomes evident that section 28.002(a)(2) lists the enrichment subject areas in which school districts must give instruction, but it does not state that one or more separate courses must be offered in each area. Moreover, other Education Code provisions address the development of "courses" on the subjects of the required foundation curriculum. *See generally id.* §§ 28.025(b-1), 39.023(c) (Vernon Supp. 2008). The differences between the term "curriculum" used in subsection 28.002(a)(2) and the term "course" used in other provisions of chapter 28 suggest that, whereas subsection 28.002(a)(2) requires that the subjects listed therein be part of the school districts's enrichment curriculum, it does not necessarily require a separate course or courses in each subject matter area it describes.

A school district must, of course, offer *instruction* in the subject matter described in subsection 28.002(a)(2)(H). Section 28.002(a) requires school districts to offer, "as a required curriculum," the subjects included in the foundation and the enrichment curriculum, and subsection 28.002(a)(2)(H) identifies "religious literature, including the Hebrew Scriptures (Old Testament) and New Testament," as a subject in the enrichment curriculum. *Id.* § 28.002(a)(2)(H). In addition to

providing that instruction by way of an independent course, there are various other ways in which the subject matter of subsection 28.002(a)(2)(H) might be offered, such as including it in another course in the foundation or enrichment curriculum. This has been done with other subjects, for example, by providing that eighth grade social studies shall include economic issues. *See* 19 TEX. ADMIN. CODE § 113.24(a)(1) (2008) (Tex. Educ. Agency, Social Studies, Grade 8). The Legislature has also recognized that a particular subject may be added to a course on a related subject. *See* TEX. EDUC. CODE ANN. § 28.0021 (Vernon 2006) (TEKS and section 28.025 "shall require instruction in personal financial literacy in one or more courses required for high school graduation").

## II. Does Education Code section 28.011 require all school districts and charter schools to offer the course it describes each year?

We next consider whether Education Code section 28.011 requires all school districts to provide the course described by that statute each year. Education Code section 28.011 provides in part:

> (a) school district *may offer* to students in grade nine or above:
>
> (1) an elective course on the Hebrew Scriptures (Old Testament) and its impact and an elective course on the New Testament and its impact; or
>
> (2) an elective course that combines the courses described by Subdivision (1).
>
> (b) [stating the purpose of the course in detail].
>
> . . . .
>
> (g) [grant of academic elective credit for satisfactory completion of a course on the Hebrew Scriptures, on the New Testament, or a combined course taught in strict compliance with section 28.011].
>
> (h) If, for a particular semester, fewer than 15 students at a school district campus register to enroll in *a course required by this section*, the district is not required to offer the course at that campus for that semester.
>
> (i) This section does not prohibit the board of trustees of a school district from offering an elective course based on the books of a religion other than Christianity. . . .

> (j)  This section does not prohibit a school district from offering a course, other than *the course authorized by this section*, in the academic study of the Hebrew Scriptures, the New Testament, or both for local credit or for state elective credit towards high school graduation.

*Id.* § 28.011 (Vernon Supp. 2008) (emphasis added).

Section 28.011(a) provides that "[a] school district *may* offer to students in grade nine or above" an elective course as described by subsection 28.011(a)(1)–(2). *Id.* § 28.011(a) (emphasis added). "[U]nless the context in which the word . . . appears necessarily requires a different construction," the word "'may' creates discretionary authority or grants permission or a power," and "'shall' imposes a duty." TEX. GOV'T CODE ANN. § 311.016(1)–(2) (Vernon 2005). *See also San Angelo Nat'l Bank v. Fitzpatrick*, 30 S.W. 1053, 1054 (Tex. 1895) (stating that before treating "may" as a word of command, there should be something either in the subject-matter or the context to indicate an intention that it was used in that sense). To read section 28.011(a) as granting discretionary authority to the school board is consistent with section 28.011(j)'s reference to "the course *authorized* by this section." TEX. EDUC. CODE ANN. § 28.011(j) (Vernon Supp. 2008) (emphasis added).

It has been suggested that the word "required" in subsection 28.011(h) means that each school district "shall" provide this course. This provision states that if fewer than fifteen students at a school district campus enroll in "a course *required* by this section," the district "is not required to offer the course at that campus for that semester." *Id.* § 28.011(h) (emphasis added). *See* TEX. GOV'T CODE ANN. § 311.016(7) (Vernon 2005) ("Is not required to" negates a duty.); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1058 (11th ed. 2005) (defining "require" as "compel").

Section 28.011(j), however, refers to a "course *authorized* by this section." TEX. EDUC. CODE ANN. § 28.011(j) (Vernon Supp. 2008) (emphasis added). The terms "required" and "authorized" both attempt to describe the course authorized by subsection 28.011(a). Subsections (h) and (j) would be meaningless absent subsection 28.011(a), which is the operative provision in section 28.011. Subsection 28.011(a) grants the substantive authority to school districts, while subsections 28.011(h) and 28.011(j) provide details about this grant of authority. Absent subsection 28.011(a), any description of a course would be meaningless. Subsection 28.011(a) is thus the most significant of the three provisions, and its meaning best expresses the legislative intent. Its meaning prevails over that given to subsection 28.011(h) in isolation from section 28.011 as a whole. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003) (stating that the Legislature's intent is determined from the entire act and not just isolated portions).

The legislative history of House Bill 1287, which enacted section 28.011, supports the construction that section 28.011 is permissive. *See* TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005) (providing that whether or not a statute is considered ambiguous on its face, a court may consider legislative history to determine the Legislature's intent); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 n.6 (Tex. 2008) (citing section 311.023(3), Government Code); *In re Canales*,

52 S.W.3d 698, 702 (Tex. 2001) (stating that even if a statute is clear and unambiguous, a court may consider, among other things, a statute's legislative history). House Bill 1287 as introduced provided in subsection 28.011(a) that "[a] school district *shall* offer to students in grades nine or above" an elective course in the history and literature of the Hebrew Scriptures and New Testament eras. Tex. H.B. 1287, 80th Leg., R.S., § 1 (2007) (as introduced) (emphasis added). The House Committee on Public Education reported a committee substitute providing in section 28.011(a) that "[a] school district *may* offer to students in grade nine or above" an elective course in the Hebrew Scriptures or the New Testament or both. Tex. C.S.H.B. 1287, 80th Leg., R.S. (2007) (emphasis added). A bill analysis on the committee substitute to House Bill 1287 stated that "[t]he original version of the bill *would have required* school districts to offer an elective course," while "[t]he substitute *would allow* school districts to offer an elective course." HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. C.S.H.B. 1287, 80th Leg., R.S. (2007) (emphasis added). Thus, the Legislature understood that section 28.011 as amended by the House Committee on Public Education would authorize, but not require a school district to offer an elective course on the Hebrew Scriptures, the New Testament, or a combined course.

During House consideration of the committee substitute of House Bill 1287, a floor amendment was proposed providing that "[a] school district shall offer" an elective course on the Hebrew Scriptures and its impact and the New Testament and its impact. H.J. of Tex., 80th Leg., R.S. 3447–50 (2007). The proposed amendment, which included other provisions similar to those in the introduced version, was tabled after discussion, and the House approved the committee substitute of House Bill 1287 without change. *See id.* at 3447–50, 3556. During the discussion of the proposed floor amendment, it was noted that the amendment would change "may" to "shall." *See* Debate on Tex. H. B. 1287 on the Floor of the House, 80th Leg., R.S. (May 8, 2007) (statement of Representative Mark Strama) (tape available from House Video/Audio Servs.). Representative Rob Eissler, who was Chair of the House Committee on Public Education, stated that the bill approved by the committee respects local control by giving the school district a right to decide how often and whether the course will be taught. *See id.* (testimony of Representative Rob Eissler). Discussion of House Bill 1287 in the House demonstrates that the word "may" was understood in its ordinary sense, as authorizing or permitting an action.

When the Senate considered House Bill 1287, an amendment was proposed stating that "[a] school district *shall offer*" an elective course on the Hebrew Scriptures or the Old Testament. S.J. of Tex., 80th Leg., R.S. 3160–62 (2007) (emphasis added). The discussion that ensued specifically noted that the term "may" grants or authorizes an action, while "shall" makes the action mandatory.[5] This proposed amendment was tabled, and House Bill 1287 was adopted by the Senate in its present form. There was no discussion of the word "required" that appears in section 28.011(h), but discussion of the proposed amendment in the House and Senate shows that the Legislature intended "may" as it appears in Education Code section 28.011(a) to be understood in its usual sense as creating discretionary authority or granting permission or power to offer an elective course as

---

[5]*See* Debate on Tex. H. B. 1287 on the Floor of the Senate, 2d Reading, 80th Leg., R.S. (May 23, 2007) (statement of Senator Estes; exchange between Senator Estes and Senator Hinojosa) (tape available from Senate Staff Servs.).

described by section 28.011 and not as mandating school districts to offer such elective courses. When we take into account section 28.011 as a whole and consider the legislative history, we conclude that a court would hold that the phrase "[a] school district may offer" a type of elective course means that a school district has discretion and authority to offer such courses but it is not required to do so.[6]

### III.     Does section 28.011 require all school districts and charter schools to offer the course it describes if fifteen students on a campus request it?

Your second question is as follows:

> If your answer to Question 1 is "no," must all school districts and charter schools offer the course described in Section 28.011 in grades 9 through 12 during any school year in which 15 students at a campus request the course?

Request Letter, *supra* note 1, at 2. This question requires us again to construe subsection 28.011(h), which provides that "[i]f, for a particular semester, fewer than 15 students at a school district campus *register to enroll* in a course 'required' by this section, the district is not required to offer the course at that campus for that semester." TEX. EDUC. CODE ANN. § 28.011(h) (Vernon Supp. 2008) (emphasis added, single quotation marks added).

Subsection 28.011(h) does not use the term "request," which is defined as "[a]n act or instance of asking for something: a petition or expressed desire; a writing or document of this nature." XIII OXFORD ENGLISH DICTIONARY 679 (definition 2) (2d ed. 1989). Instead, it refers to a semester when "fewer than 15 students at a school district campus *register to enroll* in a course" offered under section 28.011(a). TEX. EDUC. CODE ANN. § 28.011(h) (Vernon Supp. 2008) (emphasis added). The term "register" has been defined as "[t]o make formal entry of (a document, fact, name, etc.) in a particular register." XIII OXFORD ENGLISH DICTIONARY 514 (definition 2.a) (2d ed. 1989). "Enroll" has been similarly defined as "to insert, register, or enter in a list, catalog, or roll," for example, "the school [enrolls] about 800 pupils." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 415 (11th ed. 2005). Section 28.011(h) deals with a situation where a school district offers a section 28.011(a) course in a particular semester, but fewer than fifteen students indicate, according to the district's usual registration procedures, their intent to enroll in it. In those circumstances, the district may cancel the proposed course at that campus for that semester. In answer to your question, we conclude that whatever may or may not be "requested" by fifteen students is irrelevant to whether section 28.011(h) requires a school district or charter school to offer a course on the Hebrew Scriptures or New Testament.

---

[6]Although one brief received in this office argues that there is "some evidence" that section 28.011 was intended as a mandatory provision, it states that "[t]he more reasonable interpretation" is that section 28.011 is a discretionary means of implementing the section 28.002(a)(2)(H) curriculum requirement, and that section 28.011 provides a "safe harbor" for school districts. *See* Brief from Kelly J. Shackelford, Liberty Legal Institute, to Honorable Greg Abbott, Attorney General of Texas, at 9 (Apr. 10, 2008) (on file with the Opinion Committee).

## S U M M A R Y

Section 28.002(a) of the Education Code defines the required foundation and enrichment curriculum for school districts and charter schools but does not identify courses that school districts must offer. Education Code subsection 28.002(a)(2)(H) provides that the enrichment curriculum will include "religious literature, including the Hebrew Scriptures (Old Testament) and New Testament, and its impact on history and literature," but the Legislature did not mandate that this curriculum instruction be provided in independent courses. The State Board of Education, however, may provide for enrichment curriculum offerings in school districts by rule.

In furtherance of the enrichment curriculum requirement concerning "religious literature, including the Hebrew Scriptures (Old Testament) and New Testament, and its impact on history and literature," section 28.011 of the Education Code authorizes but does not require school districts and charter schools to offer elective courses on the Hebrew Scriptures and its impact or on the New Testament and its impact. Such discretion does not, however, mean that school districts or charter schools are not required to comply with the curriculum requirements in subsection 28.002(a)(2).

If a school district or charter school chooses to offer a course authorized by section 28.011 and fewer than fifteen students at a campus register to enroll in the course, the district or charter school is not required to provide the course at that campus for that semester, but that does not mean that the school is not required to comply with the curriculum requirements in subsection 28.002(a)(2).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee